## McAnelly v. Chapman.

Where one buys property or receives it as bailee, with notice of a claim of title by another adverse to his vendor or bailor, he takes and holds subject to the rights of the adverse claimant, though ostensible title may have been in his vendor or bailor.

Where a bailee has knowledge of a claim of title by another adverse to his bailor, and by direction of his bailor carries off the property, he becomes responsible to such adverse claimant for the value of the property, if the latter proves to be the rightful owner whether the suit by which such right is established was then or thereafter brought.

Error from Travis. Tried below before the Hon. John Hancock.

The record in this case was before this Court on the appeal of a co-defendant of the plaintiff in error, at Austin, 1855, reported in 15 Tex. R. 400, Oliver v. Chapman. About the time that suit was brought, and before the service of the writ of sequestration issued in the case, the personal property in controversy was run beyond the jurisdiction of the Court. At the Spring Term, 1851, the plaintiff filed a supplemental petition, making McAnelly a party defendant. The petition charged that McAnelly confederated with Oliver to run off the property specified in the supplemental petition, in order to defraud the plaintiff, and that McAnelly took charge of the property and ran it off.

McAnnelly answered at the same Term, " that on the 25th day of August, 1850, he contracted with said Edward R. Oliver, for a valuable consideration to be paid him therefor, to take charge of and sell the " property specifying it ; that " he took charge of the property and sold a portion at different times and places under instructions of said Oliver ;" and that he turned over the proceeds of the property sold and the un-

sold property to Oliver. He admitted in his answer, " that at the time he took charge of said property, and a short time previous thereto, he heard it remarked that some difficulty had taken place between Chapman and Oliver about the settlement of their affairs," and that he refused to have anything to do with the property until first satisfied that Oliver was the legal owner, and that upon seeing the bills of sale he became satisfied. It was proved also, that he knew of the controversy, when he converted the property.

There was a judgment against McAnelly for the value of the property converted by him.

*Paschal* and *Hamilton*, for plaintiff in error.

*Oldham*, *Sneed*, and *Alexander*, for defendant in error.

WHEELER J. The only question presented by the record, not disposed of in the decision of the case of Oliver v. Chapman, upon the same record, is whether the evidence was sufficient to warrant the jury in finding, that McAnelly knew of the plaintiff's claim to the property, when he carried it off and disposed of it. And we are of opinion that it was. There is nothing in the evidence, to take the case of this party out of the operation of the general principle, that where one buys property, or receives it as bailee, with notice of a claim of title by another adverse to his vendor or bailor, he takes and holds subject to the right of the adverse claimant, though the ostensible title may have been in his vendor or bailor. (Lucket v. Townsend, 3 Tex. R. 119 ; Greneaux v. Wheeler, 6 Tex. R. 515.) The defendant's knowledge of the plaintiff's claim made his taking and carrying off the property an act *mala fide*, and rendered him responsible to the plaintiff for the value of the property, upon the establishment of the plaintiff's title, whether the suit by which it was established

was then or thereafter brought. It is immaterial whether the evidence upon which the plaintiff recovered the property of Oliver was weak or strong, as between the plaintiff and this defendant. He had no claim or pretence of right to the property, other than as Oliver's bailee or agent, and the recovery against the latter is conclusive against him. There is no error in the judgment and it is affirmed.

Judgment affirmed.