**H. R. FRAZIER et al., Appellants,**

v.

**T. W. WILLIAMS et al., Appellees.**

No. 3743.

Court of Civil Appeals of Texas.

Eastland.

June 15, 1962.

Lester O. Berg, Abilene, Harry E. Lofthus, Amarillo, for appellants.

Royce B. Adkins, Dist. Atty., Haskell, W. R. Ely, Abilene, for appellees.

WALTER, Justice.

H. R. Frazier and Lon A. Fuller filed suit against T. W. Williams, Arlos Weaver, Olen Dotson, Hallie Chapman, W. R. Johnson, Frank C. Scott, Noel Reynolds, Hunter Woodruff, Joseph L. Brown, Consolidated Tungsten Mines, Inc., and Yucca Tungsten Company for conversion of certain mining properties located in Arizona. Williams, Weaver, Dotson, Chapman, Johnson and Scott filed pleas of privilege to be sued in Haskell County, the county of their residence. The plaintiffs controverted said pleas and alleged that the District Court of

Taylor County had venue under Subdivision 4 of Article 1995 of the Vernon's Ann. Revised Civil Statutes of Texas. The court sustained the defendants' pleas of privilege.

The plaintiffs have appealed. They contend that the court erred in sustaining the defendants' pleas of privilege because the plaintiffs proved conclusively that their cause of action was maintainable in Taylor County under said Subdivision 4.

■ The applicable provision of Subdivision 4 of Article 1995 provides "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." In order to maintain venue under Subdivision 4, the plaintiffs had the burden of proving (1) that one of the defendants resided in Taylor County and (2) that he had a cause of action against the resident defendant. He also had the burden of alleging facts showing that the non-resident defendants were properly joined in the suit. Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758; Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

■ "The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear." Goodrich v. Superior Oil Company, 150 Tex. 159, 237 S.W.2d 969.

■ In cases tried before the court without a jury, in the absence of a point that the judgment is contrary to the overwhelming weight and preponderance of the evidence, the rule is well settled that the judgment must be affirmed if there is any evidence of probative value to support it and that only evidence which tends to support the judgment may be considered. See Wilson v. Teague Independent School District, Tex. Civ.App., 251 S.W.2d 263, (Writ Ref.).

The plaintiffs charged that the defendants mined and removed tungsten ore from their claim of the reasonable market value of $628,615.00 and converted it to their own use. They pleaded that the defendants removed other minerals from their claim, the kind, amount and value of which is unknown to them and that they were forced to defend law suits and defend their title to their claim and were forced to expend the sum of $7,000.00, for which they sued the defendants. They also sued for $500,000.00 exemplary damages. The plaintiffs asserted that the corporations were fronts for the individual defendants.

■ "In order to establish an allegation of conversion it must be shown that the person charged unlawfully and wrongfully exercised dominion and control over property of another to the exclusion of the exercise of the right of possession by the owner or some other person entitled to its possession." American Cotton Co-op Ass'n v. Plainview Compress & Warehouse Co., Tex.Civ.App., 114 S.W.2d 689, at page 692, (Writ Dis.).

Plaintiff Frazier testified that he was not personally acquainted with the Haskell County defendants but had met Mr. Williams and Mr. Weaver; that he was complaining about Consolidated Tungsten and Yucca Tungsten. On cross examination of the plaintiff Frazier and referring to the ore from the plaintiffs' claim, he was asked "And Brown didn't sell anything off of it did he?" and he answered, "I couldn't say that he didn't. Actually I am not concerned whether he did or didn't. The fact that the ore is gone; there isn't any more."

■ A careful study of the facts and circumstances in evidence leads us to the conclusion that they raise fact issues which the learned trial court has found in favor of the appellees. The appellants' point is overruled. The judgment is affirmed.