Adam S. NACOL, Appellant,

v.

METALLIC DEVELOPMENT
CORPORATION, Appellee.

METALLIC DEVELOPMENT
CORPORATION, Appellant,

v.

George W. POE et al., Appellees.

Nos. 17994, 18012.

Court of Civil Appeals of Texas,
Fort Worth.

June 19, 1980.

Rehearing Denied July 17, 1980.

William V. Browning, Wichita Falls, for
appellant Nacol.

Walter Nelson, Burkburnett, for appellee
Metallic Development Corp.

Nunn, Griggs & Steakley, and Charles R.
Griggs, Sweetwater, for appellees George
W. Poe, Joe A. Poe and John Schattel.

OPINION ON MOTION TO REVERSE
AND REMAND BECAUSE OF INA-
BILITY TO OBTAIN A STATEMENT
OF FACTS AND ON MOTION FOR
EXTENSION OF TIME TO FILE
STATEMENT OF FACTS.

PER CURIAM.

By our opinion we factually conclude that
appellant Adam S. Nacol failed to establish
by the form of proof appropriate to his
motion for reversal that he could not, at an
appropriate time, have secured for presen-
tation to counsel for appellee, Metallic De-
velopment Corporation, a proposed state-
ment of facts. We furthermore conclude
that by application of rules of law to the
foregoing factual conclusion that Nacol is
not entitled to have the case remanded for
another trial because the aforesaid appellee
might have approved such statement of
facts had the opportunity to do so been
afforded; and that the presumption of law
is that the appellee would have approved
such statement of facts had it been afford-
ed the opportunity.

As a result Nacol's seventh motion for
extension of time within which to file state-
ment of facts is likewise to be denied, and is
herewith denied. By the same factual find-
ing and legal conclusion good cause for any
further extension of time cannot exist and
necessity therefor cannot be reasonably ex-
plained. (Nacol is in the peculiar position
of seeking an extension of time to file a
statement of facts which at the same time
he represents as not possible to be secured).

A result of our holding is that Nacol, who
has perfected his appeal and timely filed
the transcript, is to be heard on his appeal
without benefit of any statement of facts.
The same will also be true of Metallic De-
velopment Corporation's appeal.

Having made the holdings aforesaid the clerk of our court will be directed to set the pending cases for hearing at as early date as possible after the computable time (from this date) for briefs of all interested parties to be filed.

The peculiar situation which has occasioned our action was born in the injury of the court reporter after the case had been appealed and while, presumably, he was working on the Nacol statement of facts. Because of his injury he ceased to perform any duties as official court reporter, with a daughter succeeding him as such in the same court. This daughter was Holly Hanks, who, when Nacol originally filed motion to have this court reverse the judgment and remand the cause to the trial court for retrial because of inability to secure a statement of facts from her father, supplied him with her affidavit in support. In that affidavit she stated:

"I have attempted to [prepare the statement of facts] but I have been unable to read James Hanks' notes of the testimony and evidence. The sound recording made during the trial is not audible and I cannot transcribe the record from the sound recording. I do not believe any other court reporter, or any other person could transcribe his notes or the sound recording."

Countering the Nacol motion, and in contradiction of Holly Hanks' affidavit in support, there was a contest in support of which was appended a further affidavit of Holly Hanks. In the later affidavit she stated the fact of having made the earlier affidavit, and continues:

"Since that time further search has resulted in my finding the original tape which is audible, and with the use of this tape, I will be able to transcribe my father's notes.

"On January 11, 1979 I informed Judge Kirk that I had located the original tape and that I was now in a position to transcribe the testimony in this case.

"On the same day during a recess of the trial then in progress, I informed Walter Nelson [counsel for Metallic Development Corporation] that I had located the original tapes, and that the tapes I had previously listened to were more than likely made for the use of a typist, and that with the original tape I would be able to transcribe my father's notes, and would do so immediately after the termination of the trial now in progress.

"I also informed Walter Nelson, that approximately two weeks prior to that date, January 11, 1979, by telephone I had informed Mr. William V. Browning [Nacol's attorney] that I had located the original tapes and I asked him for instructions. He told me to do nothing toward transcribing the testimony in this case until the Court of Civil Appeals had an opportunity to act [on his pending motion for reversal because of inability to secure a statement of facts]."

Since the date contest was filed to Nacol's motion to have the judgment reversed to date of this opinion there has been ample time for Nacol to have contradicted the proof submitted as part of the contest. There has been no contradiction. Nacol has merely requested that we take action on his motion. At a prior time Nacol apparently was able to have Holly Hanks prepare a statement of facts to be presented to Metallic Development Corporation counsel, thus affording opportunity to its counsel to approve such as the statement of facts in the case. This has not been done by Nacol.

Established by affidavit in support of Nacol's motion for reversal is that in the event counsel for Metallic Development Corporation should not agree to any proposed statement of facts the record could not be established by corrective action of the trial judge. Tex.R.Civ.P. 377, "Statement of Facts", sub. (d) "Approval of Trial Court Unnecessary" (1967). We hold that fact immaterial under the circumstances. We furthermore hold that it is to be presumed that the appellee (Metallic) would have agreed to the proposed statement of facts had the appellant (in this case Nacol) seen fit to have the notes of the official court reporter transcribed and presented for that purpose.

For the same reasons that we deny Nacol's motion for reversal and remand we deny motion for further extension of time to complete his record. We deem the state of the evidence to have established that Nacol has failed in the required showing, to-wit: that his motion reasonably explain the need for further extension of time.

Both motions are denied.