**Adam S. NACOL, Appellant,**

v.

**METALLIC DEVELOPMENT CORPORATION, Appellee.**

**METALLIC DEVELOPMENT CORPORATION, Appellant,**

v.

**George W. POE et al., Appellees.**

**Nos. 17994, 18012.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 31, 1980.

William V. Browning, Wichita Falls, for Nacol.

Walter Nelson, Burkburnett, for Metallic Development Corp.

Nunn, Griggs & Steakley, and Charles R. Griggs, Sweetwater, for George W. Poe, Joe A. Poe and John Schattel.

## OPINION

MASSEY, Chief Justice.

At time of submission on 18 December 1980, Metallic Development Corporation had filed no brief presenting complaint of the judgment as it applied to George W. Poe, et al., against whom it had perfected its appeal. Neither had George W. Poe, et al., filed a brief. However, Poe, et al., by their attorney, appeared before the court and orally moved to dismiss the appeal as against them for failure of Metallic Development Corporation to file its brief and

because of a want of prosecution of its appeal. Metallic did not contest this motion.

We dismiss the appeal of Metallic Development Corporation.

In the posture resultant we have for consideration only the appeal of Adam S. Nacol against Metallic Development Corporation on its judgment against Nacol for $20,469.41 actual damages, with 6% interest from December 21, 1974, plus the additional amount of $10,000.00 as exemplary damages; the total being $30,469.41 plus interest and costs, the interest from date of judgment to be 9% per annum. Therefrom Nacol has appealed.

We affirm this judgment.

By point of error Nacol has complained of the refusal of this court to grant an extension of time to file the statement of facts upon which he desired to found those complaints of error he is unable to present without a statement of facts. On this we ruled on June 19, 1980, and filed a per curiam opinion the same date. See *Nacol v. Metallic Development Corp.* and *Metallic Development Corp. v. Poe, et al.*, 601 S.W.2d 796 (Tex.Civ.App.—Fort Worth 1980, no writ).

In our opinion upon the denial of extension of time to file a statement of facts it was written by the editor of the Southwestern Reporter as a statement of the case, as follows:

"The Court of Civil Appeals held that because the appellant could have secured, at the appropriate time, a proposed statement of facts to present to counsel for appellee and because it was presumed that the appellee would have approved that statement of facts had it been afforded the opportunity, the motions would be denied."

We overrule the point of error in complaint of our refusal to extend time within which to file the Nacol statement of facts, adopting for rationale of such action all that was set out in our opinion of June 19, 1980 (601 S.W.2d 796).

The trial court, upon request made therefor by Nacol, had made and filed findings of fact and conclusions of law in the case. Tex.R.Civ.P. 296 *"Conclusions of Fact and Law"*. Nacol could have requested specified further, additional, or amended findings. He did not make such request. Tex.R.Civ.P. 298 *"Additional or Amended Findings"*. Under these circumstances the findings and conclusions made in those the court did file must be deemed to form the basis of all the Metallic grounds of recovery by the judgment, and the judgment cannot be supported upon appeal by a presumption of finding upon any additional ground of recovery. However, where in the conclusions of fact and law the court has found one or more elements of a ground for recovery he is also deemed to have found any omitted unrequested elements, where supported by evidence, in support of the judgment. Tex.R.Civ.P. 299 *"Omitted Findings"*.

Points 1 and 2 present complaint of error by the trial court in decreeing the liability of Nacol for both actual and punitive damages for conversion of stolen property of Metallic, when by the factual findings he had only been guilty of having received possession of the stolen property for storage with knowledge or reason to know of its stolen character.

Nacol contends that to establish his conversion it must be shown that he had exercised dominion and control over the property, citing *Frazier v. Williams*, 359 S.W.2d 213 (Tex.Civ.App.—Eastland 1962, no writ). There was no finding that Nacol had taken part in the theft of the stolen metals or in their sale. Because of this he argues that the findings of the trial court failed to establish his exercise of the requisite dominion or control.

Early in Texas judicial history a conversion judgment was upheld by applying the principle that: "Where one buys property or receives it as bailee, with notice of a claim ... by another, adverse to his ... bailor, he takes and holds subject to the right of the adverse claimant, ...." *McAnelly v. Chapman*, 18 Tex. 198 (1856).

"When the possession of personal property is wrongfully acquired in the first instance, and is transmitted successively . . . each possession is a new conversion." *Sandford v. Wilson*, 2 White & W. 249, 250 (Tex.Ct. App.1884).

The Restatement (Second) of Torts sec. 230 and Comment d (1965) reads:

"*Receiving Possession for Storage, Safekeeping or Transportation.*

A bailee, agent, or servant who receives the possession of a chattel for storage, safekeeping, or transportation on behalf of his bailor, principal, or master, is subject to liability for conversion if, but only if, he does so with *knowledge or reason to know* that a third person has the right to immediate possession of the chattel.

d. *The same policy which penalizes the receiver of stolen goods under the criminal law requires that the actor shall be liable for conversion if he proceeds in the face of such knowledge or reason to know*, and seriously interferes with the right of another to possession by receiving the chattel himself in defiance of the owner's rights." (Emphasis supplied.)

Recent cases have consistently applied this principle. See *Markel v. Transamerica Title Insurance Company*, 103 Ariz. 353, 442 P.2d 97, *cert. denied*, 393 U.S. 999, 89 S.Ct. 484, 21 L.Ed.2d 463 (1968); *Shaw's D.B. & L., Inc. v. Fletcher*, 580 S.W.2d 91 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ). (Pawnshop held guilty of conversion of stolen silverware brought in by customer.)

The findings and judgment of the trial court correctly resulted in a finding for Metallic on its actual damages, whatever they might have been shown to be.

■ The same is true relative to the right of Metallic to punitive damages. Nacol contends that the extent of his contact with the stolen goods, as supported by the findings of fact, was that he permitted them to be stored in his safe overnight. This, he argues, falls short of the requirement of willful or malicious conversion necessary to be existent for assessment of punitive damages. "A finding that the con-

version was either malicious or willfully done is essential to a recovery of exemplary . . . damages." *Holland v. Lesesne*, 350 S.W.2d 859, 865 (Tex.Civ.App.—San Antonio 1961, writ ref'd n. r. e.).

The trial court found the following: that appellant had knowingly bought stolen properties from LeBus in past transactions; that the legitimate business of LeBus was stockbrokering, not the handling of precious metals; that LeBus testified he may or may not have told Nacol that the metals were stolen when he stored them with Nacol on the material occasion; that Nacol had invoked the privilege against self-incrimination when asked about his knowledge that they were stolen; that both the burglary and a reward offer for recovery of the metals were publicized in the local newspaper; that Nacol had communicated with the president of Metallic and informed him that the raising of the reward would assure recovery; and that Nacol again spoke with the president by telephone and advised him to raise the reward to $5,000.

These findings support the trial court's conclusion of a willful or malicious conversion by Nacol. "Willful misappropriation of property without justification is a recognized ground of exemplary damage, even in the absence of an express finding of malice . . . . Malice may be inferred from the conscious conversion of another's property." *Courtesy Pontiac, Inc. v. Ragsdale*, 532 S.W.2d 118 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.).

■ Where only fact findings are available this court must presume that the evidence supported not only the express findings made below but also any omitted findings necessary to support the judgment proper by Rule 299. *Swacker v. Jet Const. & Realty Co., Inc.*, 535 S.W.2d 715, 716 (Tex.Civ.App.—Eastland 1976, writ ref'd n. r. e.). In other words the findings of fact indicate Nacol's knowing conversion, and his malice may be presumed whether found or not. The finding of exemplary damages, if appropriate according to a proper finding on actual damages, is likewise proper.

Nacol avers error of the trial court in failing to establish in its findings of fact the actual value of the property stolen as a predicate for the judgment for $20,469.41 as actual damages. The findings of fact do not stand alone but are to be construed together in harmony with the judgment. *Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299 (Tex.1963). Indeed, it is rather common to find findings of fact in the judgment itself. By analysis the $20,469.41 "actual damages", as found by the judgment in this case, bears the character of a finding of fact. Accordingly, we presume that the judgment of the trial court awarding actual damages of $20,469.41 is supported by the evidence upon the Metallic damages. Absent a statement of facts or "additional or amended findings" by Rule 298, Nacol is unable to make an effective challenge by his point of error because of the provisions of Rule 299 and because of the amount of actual damages decreed by the judgment.

The judgment against Adam S. Nacol is affirmed.