NO. 07-07-0075-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 28, 2009

_____

DELMER URBANCZYK, APPELLANT

v.

MARVIN URBANCZYK, JANET URBANCZYK, APPELLEES

_____

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 9853; HON. DAVID M. MCCOY, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

OPINION

In this will contest case, Delmer Urbanczyk contends his mother, Isabel Urbanczyk, lacked testamentary capacity in April 2003 when she executed a will or the will was the result of the undue influence, duress, or fraud of his brother Marvin Urbanczyk and Marvin's wife Janet Urbanczyk.[1] Delmer also sued Marvin and Janet for tortious

---

[1] Because of the parties' common surname, we will refer to all members of the Urbanczyk family by their given names.

interference with inheritance rights and alleged Marvin and Janet breached fiduciary duties owed Isabel. Finally, Delmer sought admission to probate of a will made by Isabel in May 2000. Delmer appeals a judgment admitting the 2003 will to probate, appointing Marvin executor of Isabel's probate estate, and denying all claims of Delmer against Marvin and Janet. Finding no error by the trial court, we affirm its judgment.

## Background

Isabel died April 10, 2006, and on April 12 Marvin filed an application to probate the 2003 will. Delmer filed a contest and the related causes of action against Marvin and Janet, and applied for probate of the 2000 will, on April 24. On September 25, the trial court signed an order authorizing withdrawal of Delmer's attorneys from representation. The next day Marvin and Janet filed traditional and no-evidence motions for summary judgment. By their traditional motion, Marvin and Janet argued their evidence conclusively established Isabel's testamentary capacity to make the 2003 will and by their no-evidence motion they challenged the remainder of Delmer's claims. The court set a hearing of the summary judgment motions for November 27. Acting *pro se* Delmer filed two documents dated October 12 and a pleading denominated "objection to summary judgment" dated November 24, each arguing the case was abated pending the outcome of matters in a related case. No order abating or otherwise suspending prosecution of the case appears in the record. Under a facsimile cover sheet dated November 24, Delmer submitted various case-related documents. The assortment did not include a summary judgment response, affidavit, request for untimely filing, or motion for continuance of the summary judgment hearing. The court heard the motions for summary judgment of Marvin and

2

Janet on November 27 and granted both motions by order signed December 8.  On December 28, an attorney entered the case for Delmer and filed a motion for new trial on January 4, 2007.  The court heard Marvin's application to probate the 2003 will on January 8, and on that date signed an order admitting the 2003 will to probate and appointing Marvin independent executor of Isabel's probate estate.  Delmer filed a "supplemental" motion for new trial on January 18 which the court denied by order of February 26.  Also on February 26, 2007, the court signed an order entitled "Final Order" which addressed both admission of the 2003 will to probate and the final disposition of Delmer's claims for damages and relief.

## Issues

Delmer raises two issues.  First, he assails the trial court's grant of summary judgment in favor of Marvin and Janet on their traditional and no-evidence motions.  Second, he argues the trial court abused its discretion by failing to grant him a new trial.

## Discussion

Because Delmer's first issue challenges the grant of summary judgment, our resolution of the issue requires that we initially consider the effect of the January 8, 2007 hearing.  According to the trial court's order of December 8 its decision on the motions for summary judgment of Marvin and Janet was "interlocutory pending the final hearing on the probate itself."  By order of December 18, the court set the probate hearing for January 8. The hearing was tried to the court.  In its resulting order, the court stated that at the hearing

3

it heard evidence[2] and considered the 2003 will and other unspecified documents on file in the case. The order also contained findings of fact and conclusions of law that, *inter alia,* the 2003 will was executed with the formalities and solemnities and under the circumstances required by law to make it a valid will, Isabel was of sound mind, the 2003 will was not revoked by Isabel, and Marvin was qualified and not disqualified to serve as independent executor. The order admitted the 2003 will to probate and appointed Marvin independent executor without bond. Neither side requested the court express findings of fact and conclusions of law in a document separate from the order admitting will to probate. *See* Tex. R. Civ. P. 299a. And neither side complains of the form of order. The appellate record does not include a reporter's record of the hearing. Under such circumstances we presume sufficient evidence was introduced at the hearing to support the trial court's findings of fact and judgment. *Nelkin v. Panzer,* 833 S.W.2d 267, 268 (Tex.App.–Houston [1st Dist.] 1992, writ dism'd w.o.j.) (*citing Mays v. Pierce,* 154 Tex. 487, 493, 281 S.W.2d 79, 82 (1955)).

Presuming the trial court found all facts necessary to support its judgment means it implicitly made findings adverse to Delmer. *See Nacol v. Metallic Development Corp.,* 614 S.W.2d 172, 175 (Tex.Civ.App.–Fort Worth 1980, writ dism'd w.o.j.) (when only findings of fact are before appellate court it presumes the evidence supported not only the

---

[2] Testimony taken at the hearing on an application for probate of a will is committed to writing and subscribed and sworn to in open court. But if the case is contested the court may dispense with this requirement on the agreement of the parties or in the absence of an agreement on its own motion. Tex. Prob. Code Ann. § 87 (Vernon 2003). The record here contains no subscribed testimony from the January 8 probate hearing, but neither does it contain a reporter's record of testimony.

4

express findings of the trial court but also any omitted findings necessary to support the judgment); *Swacker v. Jet Const. & Realty Co., Inc.,* 535 S.W.2d 715, 716 (Tex.Civ.App.–Eastland 1976, writ ref'd n.r.e.). Thus the court expressly or implicitly found Isabel possessed testamentary capacity to execute the 2003 will,[3] the 2003 will was not procured through the undue influence, duress, or fraud of Marvin and Janet,[4] and Marvin was qualified and not disqualified from appointment as independent executor.[5]

Delmer's first issue presents the contention Marvin and Janet did not conclusively establish their entitlement to summary judgment and the trial court erred by granting it. We overrule the issue. Following the December 8 order, the taking of evidence and determination of issues necessary for the admission of Isabel's will remained for the

---

[3] The burden of proof was on Marvin to establish the testamentary capacity of Isabel. *See Seigler v. Siegler,* 391 S.W.2d 403, 404 (Tex. 1965); *Guthrie v. Suiter*, 934 S.W.2d 820, 829 (Tex.App.–Houston [1st Dist.] 1996, no writ) (burden of proving testamentary capacity is on will proponent). The self-proving affidavit accompanying Isabel's 2003 will prima facie established Isabel's testamentary capacity, but the will remained subject to contest. *Guthrie*, 934 S.W.2d at 829; Tex. Prob. Code Ann. § 59 (Vernon 2003).

[4] As contestant, seeking to avoid admission of the will to probate, proof of these theories lay with Delmer. For example, to establish undue influence the contestant must prove: (1) the existence and exertion of an influence; (2) the effective operation of such an influence that the mind of the testator is subverted or overpowered at the time of the will's execution; and (3) the execution of a will which the testator would not have executed but for that influence. *Rothermel v. Duncan,* 369 S.W.2d 917, 922 (Tex. 1963).

[5] A person is disqualified to serve as an executor if he is: (a) an incapacitated person; (b) a convicted felon . . . ; (c) a non-resident . . . who has not appointed a resident agent to accept service of process . . . ; (d) a corporation not authorized to act as a fiduciary in this state; or (e) a person whom the court finds unsuitable. Tex. Prob. Code Ann. § 78 (Vernon 2003).

5

January 8 probate hearing. Therefore, even assuming *arguendo* a question of material fact existed on issues of Isabel's testamentary capacity, or on the alleged undue influence, duress and fraud of Marvin and Janet, any erroneous decision by the trial court on the summary judgment motions was rendered harmless by the January 8 evidentiary hearing admitting the 2003 will to probate. On this matter, the decision in *Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919 (Tex. 2005) (per curiam), is instructive. There the plaintiff sued his insurer on contractual and extra-contractual theories arising from its denial of coverage under his motor vehicle policy following an accident. *Id*. at 920. The trial court rendered summary judgment in favor of the insurer on the extra-contractual claims despite the plaintiff's exception and objection that the motion for summary judgment was conclusory and did not address the elements of his conversion claim. *Id.* at 920, 921. The contract theory was tried by jury. *Id.* at 920. Thereafter the court rendered a take-nothing judgment for the insurer based on a jury finding that excluded the accident from coverage. *Id.* The court of appeals affirmed the contract claim but reversed the summary judgment on the extra-contractual theories noting in part that summary judgment cannot be affirmed on grounds not raised in the trial court and the plaintiff's statutory theories were wrongly addressed by the insurer's motion for summary judgment. *Id.* at 920-21. In rendering judgment that the plaintiff take nothing, the Texas Supreme Court determined "even if the trial court erred by granting summary judgment on the bad-faith and extra contractual claims, the error was harmless because the jury finding in the contract case negated coverage . . . ." *Id*. at 92.

The principle of *Progressive* that "a trial court's erroneous decision to grant summary judgment can be rendered harmless by subsequent events in the trial court," has application in the case at bar. *See id.* at 921; *McAlester Fuel Co. v. Smith Int'l, Inc.,* 257 S.W.3d 732, 738 (Tex.App.–Houston [1st Dist.] 2007, pet. denied). To reach its order on the probate hearing the trial court considered evidence and found in Marvin's favor on the elements required for admission of the 2003 will to probate and his appointment as executor. These findings negated the claims of Delmer in his contest of the 2003 will and his challenge of Marvin as executor. Thus, even if the court erred in its determinations expressed in the December 8 order its error was made harmless by the outcome of the January 8 hearing.

Delmer's claim that Marvin and Janet breached fiduciary duties owed to Isabel arose from Janet's execution of a warranty deed in 2004, pursuant to a power of attorney from Isabel, conveying to Marvin Isabel's interest in land in Carson County. Delmer's pleadings also sought declaratory relief with respect to the property conveyed by the warranty deed. Admission of the 2003 will to probate also rendered harmless any error in the grant of summary judgment on these claims because that will did not devise Delmer any interest in the disputed property.

Delmer also alleged Marvin and Janet tortiously interfered with his inheritance rights. Even if we assume *arguendo* that the January 8 hearing did not adjudicate this theory we find it was resolved against Delmer by the order on summary judgment which the court incorporated into its final order of February 26, 2007.

A no-evidence summary judgment is essentially a pretrial directed verdict and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *See Roth v. FFP Operating Partners, L.P.,* 994 S.W.2d 190, 195 (Tex.App.–Amarillo 1999, pet. denied). We review the evidence in the light most favorable to the respondent against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997); *Roth,* 994 S.W.2d at 195. A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Roth,* 994 S.W.2d at 195. However, a no-evidence motion for summary judgment must be granted if the party opposing the motion does not respond with competent summary judgment evidence that raises a genuine issue of material fact. *Dolcefino v. Randolph,* 19 S.W.3d 906, 916 (Tex.App.–Houston [14th Dist.] 2000, pet. denied).

In their no-evidence motion for summary judgment, Marvin and Janet challenged the damage element of Delmer's theory of tortious interference with inheritance rights.[6] In *King v. Acker,* 725 S.W.2d 750, 754 (Tex.App.–Houston [1st Dist.] 1987, no writ), the court cited the Restatement of Torts: "One who by fraud, duress or other tortious means

---

[6] The summary judgment motion of Marvin and Janet also asserted that the claim failed as a matter of law because the Texas Supreme Court has not recognized a cause of action for tortious interference with inheritance rights. Disposition of this appeal does not require us to consider whether such a cause of action exists in Texas, and we do not consider that question. Delmer cites our opinion in *Nordyke v. Nordyke,* No. 07-96-406-CV, 1998 WL 4508 (Tex.App.–Amarillo, January 7, 1998, pet. denied) (mem. op.) as recognizing a cause of action for tortious interference with inheritance rights. As our opinion made clear, the existence of the cause of action was not addressed, but only the appellant's contention that limitations barred its assertion. *Id*. at *3 n.1.

8

intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift." Restatement (Second) of Torts, § 774B (1979). Under that definition of the cause of action, it was for Delmer to present in response to the no-evidence motion more than a scintilla of evidence proving what inheritance or gift he did not receive from Isabel because of the alleged tortious conduct of Marvin and Janet. But Delmer offered no summary judgment evidence of any damages. Assuming, arguendo, Texas recognizes the cause of action, judgment was proper in any event against Delmer on his claim of tortious interference with inheritance.

For these reasons, we overrule Delmer's first issue.

In his second issue, Delmer complains that the trial court abused its discretion by denying his motion for new trial of the summary judgment motions because he met the *Craddock* requirements for a new trial following rendition of a default judgment. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (Tex. 1939).

In *Craddock,* the Supreme Court of Texas held a default judgment should be set aside if the defendant establishes by its motion for new trial that: (1) the failure to answer before judgment was not intentional or the result of conscious indifference, but the result of an accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no undue delay or otherwise injure the plaintiff. *Id.* at 126. The Court has explained its "purpose in adopting the *Craddock* standard was to alleviate unduly harsh and unjust results at a point in time when the defaulting party has

9

no other remedy available." *Carpenter v. Cimarron Hydrocarbons Corp.,* 98 S.W.3d 682, 686 (Tex. 2002).

At issue in *Carpenter* was whether the *Craddock* standard for granting a new trial applied following entry of a summary judgment on a motion of which the non-movant had notice and the opportunity to employ any means of the rules of civil procedure for altering the summary judgment deadlines. In *Carpenter*, the trial court denied a motion for new trial filed after a grant of summary judgment, but the court of appeals applied the *Craddock* standard and reversed the summary judgment. *Carpenter,* 98 S.W.3d at 685. Disagreeing with the court of appeals, the Texas Supreme Court held that "*Craddock* does not apply to a motion for new trial filed after summary judgment is granted on a motion to which the non-movant failed to timely respond when the respondent had notice of the hearing and an opportunity to employ the means our civil procedure rules make available to alter the deadlines Rule 166a imposes." *Id.* at 683-84. Because Cimarron had the opportunity to seek leave to file an untimely response and move for a continuance, the Court concluded the *Craddock* standard was not applicable. *Id.* at 686.

Marvin and Janet served Delmer by certified mail with a copy of their motions for summary judgment on September 26, 2006. The record contains two communications from Delmer to the trial court dated October 12, 2006. In the first document, Delmer stated that the attorney for Isabel's temporary guardian notified him the instant case was "on hold" until completion of arbitration in a related case. In the second communication, Delmer represented he was informed by the attorney for Isabel's guardian that the guardianship

proceeding was "on hold" until resolution of the instant case and a related case. The document ended with the request, "We ask and pray for all to do the right things in resolving all these matters." The trial court's order setting hearing of the motions for summary judgment was signed September 27, 2006, and apparently served on Delmer by certified mail on October 13. Delmer does not dispute receipt of notice of the hearing. In a document dated November 24 and bearing the title "Objection to Summary Judgment," Delmer argued that according to a prior order "all matters" were suspended until resolution of the contested matters and appointment of a permanent administrator." The court heard argument of the motions for summary judgment on November 27 and signed an order on December 8 granting the motions. Following *Carpenter,* we find the *Craddock* standard inapplicable to the determination of Delmer's motion for new trial. Delmer had sufficient notice of the summary judgment hearing and ample time to respond or seek a continuance. And he did respond, albeit in an improper manner.

We nevertheless consider the trial court's ruling on Delmer's motion for new trial. A trial court possesses broad discretion in ruling on a motion for new trial and an appellate court reviews the denial of a motion for new trial for an abuse of discretion. *Cliff v. Huggins,* 724 S.W.2d 778, 778-79 (Tex. 1987). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, not when it exercises that discretion in a manner different than a reviewing appellate court might. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). Under the standard by which we must review the trial court's decision, we cannot say it abused its discretion by denying Delmer a new trial.

We overrule Delmer's second issue.

Conclusion

Having overruled Delmer's two appellate issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Pirtle, J., concurs in the result.