

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00130-CV

JACKSON WALKER, LLP AND M. KEITH BRANYON AND JANE O. LINDSEY, INDIVIDUALLY AND AS THE FORMER CO-TRUSTEE OF THE LESEY B. KINSEL TRUST, AND ROBERT N. OLIVER, APPELLANTS

V.

VIRGINIA O. KINSEL, AS ATTORNEY-IN-FACT FOR J. FRANK KINSEL, SR., J. FRANK KINSEL, JR., INDIVIDUALLY, CAROLE K. EDWARDS, INDIVIDUALLY, AND CATHERINE K. COLLINS, INDIVIDUALLY, APPELLEES

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-232668-08, Ken Curry, Presiding

April 10, 2015

## DISSENTING OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On April 10, 2015, this Court withdrew its original opinion dated February 13, 2015, issuing in its place a new majority opinion. Remaining convinced that the majority has misapplied Rule 41.3 of the Texas Rules of Appellate Procedure concerning the viability of a cause of action based on tortious interference with inheritance rights, I would grant the Kinsels' *Motion for Rehearing* and affirm the damages awarded by the

judgment of the trial court on the basis of that theory. Accordingly, I respectfully dissent from the new majority opinion and re-issue the original dissenting opinion as follows:

In deference to *absence* of precedent from the Second Court of Appeals, from which this appeal was transferred, the majority chooses to find tortious interference with inheritance rights to be an unrecognizable cause of action under the law of the State of Texas. Because I believe the majority misapplies Rule 41.3 of the Texas Rules of Appellate Procedure by failing to recognize and follow the weight and authority of numerous other intermediate appellate courts of this State (including this Court) that have recognized that cause of action, I respectfully dissent.

At least six intermediate appellate courts of this State have specifically recognized tortious interference with inheritance rights as a viable cause of action:

- 1st Court of Appeals—Houston

  *King v. Acker*, 725 S.W.2d 750, 754 (Tex. App.—Houston [1st Dist.] 1987, no writ) (citing *Tippett v. Hart*, 497 S.W.2d 606 (Tex. Civ. App.—Amarillo 1973, writ ref'd n.r.e.)) (stating "a cause of action for tortious interference with inheritance rights exists in Texas").

  *Clark v. Wells Fargo Bank, N.A.,* No. 01-08-00887-CV, 2010 Tex. App. LEXIS 4376, at *14 (Tex. App.—Houston [1st Dist.] June 10, 2010, no pet.) (citing *King v. Acker*, *supra*).

- 4th Court of Appeals—San Antonio

  *In re Estate of Valdez*, 406 S.W.3d 228, 233 (Tex. App.—San Antonio 2013, pet. denied) (stating "[a]lthough an uncommon claim, Texas law recognizes a cause of action for tortious interference with inheritance rights").

- 7th Court of Appeals—Amarillo

  *Nordyke v. Nordyke*, No. 07-96-00406-CV, 1998 Tex. App. LEXIS 55, at *10-11 (Tex. App.—Amarillo Jan. 7, 1998, pet. denied) (mem. op.) (citing *King v. Acker* as "recognizing such a cause of action").

*In re Estate of Crawford*, 795 S.W.2d 835, 841 (Tex. App.—Amarillo 1990, no writ) (referring to tortious interference with inheritance rights as a "theory of recovery").

*Urbanczyk v. Urbanczyk*, 278 S.W.3d 829, 835 (Tex. App.—Amarillo 2009, no pet.) (holding that a claim of tortious interference with inheritance rights was properly resolved against a will contestant because there was no evidence of damages).

- 8th Court of Appeals—El Paso

*In re Estate of Russell*, 311 S.W.3d 528, 535 (Tex. App.—El Paso 2009, no pet.) (stating "Texas recognizes a cause of action for tortious interference with inheritance rights").

- 10th Court of Appeals—Waco

*Haisler v. Coburn*, No. 10-09-00275-CV, 2010 Tex. App. LEXIS 6050, at *9 (Tex. App.—Waco July 28, 2010, pet. denied) (mem. op.) ("The tortious interference [with inheritance rights] claim was not a suit to cancel the will; it was a suit for damages.").

- 14th Court of Appeals—Houston

*Brandes v. Rice Trust*, 966 S.W.2d 144, 146-47 (Tex. App.—Houston [14th] 1998, pet. denied) (quoting *King v. Acker* as stating "a cause of action for tortious interference with inheritance rights exists in Texas").

*Magana v. Citibank, N.A.*, No. 14-13-00530-CV, 2014 Tex. App. LEXIS 13841, at *40 n.13 (Tex. App.—Houston [14th Dist.] Dec. 30, 2014, no pet. h.) (discussing the elements of a claim for tortious interference with inheritance rights).

In addition, six other intermediate appellate courts have discussed the cause of action without expressly rejecting it:

- 2nd Court of Appeals—Fort Worth

*Swearingin v. Estate of Swearingin*, No. 02-05-00132-CV, 2006 Tex. App. LEXIS 5187, at *20 (Tex. App.—Fort Worth June 15, 2006, no pet.) (mem. op.) (affirming the trial court's summary judgment on appellants' claim for tortious interference with inheritance rights).

3

*In re Bledsoe*, 41 S.W.3d 807, 815 (Tex. App.—Fort Worth 2011, orig. proceeding) (finding that probate court abused its discretion in striking relator's pleadings in a claim being brought by the real parties in interest for tortious interference with inheritance rights).

*Allen v. Havens*, No. 02-05-00318-CV, 2007 Tex. App. LEXIS 2088, at *27 (Tex. App.—Fort Worth March 15, 2007, no pet.) (mem. op.) (affirming trial court's granting of special appearance in suit that included claims for tortious interference with inheritance rights).

- 3rd Court of Appeals—Austin

  *Neill v. Yett*, 746 S.W.2d 32, 36 (Tex. App.—Austin 1988, writ denied) (recognizing "tortious interference with relations" in a will contest case).

- 6th Court of Appeals—Texarkana

  *In re Estate of Kuykendall,* 206 S.W.3d 766, 771-72 (Tex. App.—Texarkana 2006, no pet.) (citing *King v. Acker* and discussing the RESTATEMENTS (SECOND) OF TORTS concerning the elements of tortious interference with inheritance rights before finding the facts in that case did not support a recovery based on that cause of action).

- 9th Court of Appeals—Beaumont

  *In re Estate of Arndt*, 187 S.W.3d 84, 86 (Tex. App.—Beaumont 2005, no pet.) (noting that the jury failed to find tortious interference with inheritance rights in a will contest case).

- 12th Court of Appeals—Tyler

  *In re Estate of Isaacs*, No. 12-10-00048-CV, 2012 Tex. App. LEXIS 1173, at *4 (Tex. App.—Tyler Feb. 12, 2012, pet. denied) (mem. op.) (holding tortious interference with inheritance rights claim barred by limitations).

- 13th Court of Appeals—Corpus Christi

  *Correa v. S. Tex. Wildhorse Desert Invs., Inc.*, Nos. 13-01-00823-CV, 13-03-00460-CV, 2003 Tex. App. LEXIS 9107, at *4 (Tex. App.—Corpus Christi Oct. 27, 2003, no pet.) (mem. op.) (J. Castillo concurring, explaining the underlying trial court proceedings)

In recognizing tortious interference with inheritance rights as a viable cause of action, the First Court of Appeals in *King v. Acker* relied on the RESTATEMENT (SECOND) OF TORTS which provides, "[o]ne who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift." *See King*, 725 S.W.2d at 754 (quoting RESTATEMENT (SECOND) OF TORTS § 774B (1979)). The court also relied on the fact that other jurisdictions have recognized the tort. *Id.* (citing *McGregor v. McGregor*, 101 F. Supp. 848 (D. Colo. 1951), *aff'd,* 201 F.2d 528 (Cir. 1953); *Allen v. Leybourne*, 190 So.2d 825 (Fla. 1966)). As noted above, twelve of the fourteen courts of appeal have either expressly recognized or discussed the cause of action, while, until now, no court of appeals has expressly rejected it.

The majority is correct in stating that this case was originally appealed to the Second Court of Appeals and then transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). As such, this Court has jurisdiction to decide the merits of the case without regard to the district in which the case was originally tried and to which it is returnable on appeal. *Id.* at § 73.002(a). In exercising that jurisdiction, however, Rule 41.3 requires us to "decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee's decision would otherwise have been inconsistent with the precedent of the transferor court." *See* TEX. R. APP. P. 41.3. When not faced with controlling precedent from either the transferring court or a higher court, the transferee court should either apply its own precedent or be guided by the

5

general principle of *stare decisis* as it would apply to any court interpreting the jurisprudence of this State*. See Padilla v. State*, 278 S.W.3d 98, 102 n.2 (Tex. App.—Texarkana 2009, pet. ref'd).

Appellants argue that tortious interference with inheritance rights is not a recognized cause of action under Texas law, while Appellees contend that it is. Noting that the Texas Legislature, the Second Court of Appeals, and the Texas Supreme Court have not formally recognized the cause of action, the majority agrees with Appellants. In doing so, the majority fails to recognize two important points: (1) there is a difference between recognizing a "new cause of action" and refining the application of an existing cause of action and (2) there is a difference between silence and rejection. Just because the cause of action has not been analyzed, discussed and formally recognized by these entities does not mean it has been rejected by them. The fact that the Second Court of Appeals has not heretofore formally recognized tortious interference with inheritance rights as a viable cause of action is not a sufficient reason to reverse a judgment based upon a jury verdict grounded upon that cause of action. Simply put, there is no precedent from the Second Court of Appeals expressly or impliedly rejecting tortious interference with inheritance rights. Because that court has simply been silent on the subject, there is no precedent for this Court to be inconsistent with.

The majority reasons that this Court is obligated to not recognize the cause of action of tortious interference with inheritance rights because the Second Court of Appeals has not expressly recognized it and because no court, save the Texas Supreme Court, can legitimately "create new causes of action." However, both the

6

Supreme Court and the Second Court of Appeals have discussed tortious interference with inheritance rights in the past without disavowing the cause of action.

In 2001, the Second Court of Appeals held a probate court was not justified in imposing death penalty sanctions for the alleged breach of a pretrial scheduling order in a suit that included claims for tortious interference with inheritance rights. *See In re Bledsoe*, 41 S.W.3d 807, 815 (Tex. App.—Fort Worth 2001, orig. proceeding). Again, in 2006, the Second Court of Appeals upheld the decision of a trial court when it rendered a summary judgment in favor of the defendants on the plaintiffs' claims of "breach of contract, constructive trust, action to set aside transfers, tortious interference with inheritance rights, and conversion and misappropriation of property claims." *See Swearingin v. Estate of Swearingin*, No. 02-05-00132-CV, 2006 Tex. App. LEXIS 5187, at *20 (Tex. App.—Fort Worth 2006, no pet.) (mem. op.). In that case, *a*lthough the court did not formally recognize tortious interference with inheritance rights as a viable cause of action, it based its ruling on the doctrine of *res judicata,* not the absence of a cause of action. Finally, in 2007, the Second Court of Appeals concluded that a party being sued for tortious interference with inheritance rights was not, under the facts of that case, subject to personal jurisdiction in Texas. *See Allen v. Havens,* No. 02-05-00318-CV, 2007 Tex. App. LEXIS 2088, at *27 (Tex. App.—Fort Worth 2007, no pet.) (mem. op.).

Similarly, the Supreme Court had the opportunity to disavow the cause of action, but chose not to, in an appeal from an opinion of the San Antonio Court of Appeals expressly recognizing a cause of action for tortious interference with inheritance rights.

7

*See In re Estate of Valdez,* 406 S.W.3d 228, 233 (Tex. App.—San Antonio 2013, pet. denied).

Contrary to the position being taken by the majority, Texas law has long recognized a cause of action for tortious interference with inheritance rights. Appellants have failed to cite to this Court a single decision expressly rejecting the cause of action and I see no reason why this Court should not recognize it in this case.

CONCLUSION

Because a decision of this Court concerning the viability of a cause of action based on tortious interference with inheritance rights would not be inconsistent with any precedent from the Secord Court of Appeals and would, in fact, be consistent with the precedent of this Court and that of every other court of appeals that has ruled on the issue, I believe the majority has misapplied Rule 41.3. For that reason, I respectfully dissent.

Patrick A. Pirtle
Justice

8