# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00041-CV

**Radwan Dalu, Appellant**

**v.**

**Sanaa Dalu, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-FM-12-003306, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In November 2013, the trial court signed a final decree of divorce, dividing the marital estate between appellant Radwan Dalu and appellee Sanaa Dalu[1] and making provisions related to child custody and visitation. Radwan, representing himself pro se, raises ten issues on appeal. We affirm the trial court's decree.

### No Reporter's Record

As a preliminary matter, we address the fact that the reporter's record was not filed in this appeal. Although Radwan paid most of the court reporter's invoices, he never made a final payment, and as a result, the reporter's record was not filed. Radwan contends that he paid for the entire record and that he should not be considered to have waived any of his complaints. After the

---

[1]  Because the parties share a last name, we will refer to them by their first names.

court reporter informed Radwan that an invoice for $209.40 was outstanding and that the record would not be filed until that sum was paid, he responded that he believed she had overcharged him, asking her to review her records and to "let me know if I was wrong and confirm the correct numbers." The reporter then provided itemized invoices and explained that the unpaid invoice was for the exhibits, but Radwan never paid the final invoice. We informed Radwan that if he did not arrange for the record to be filed, we would consider the appeal without it, and Radwan attempted to reply via email, but after we informed him that he could not file his response by email, asking him to send it by paper or through electronic filing, he never responded. Radwan has not shown that the outstanding invoice has been paid, and the record has not been filed. We therefore will consider Radwan's appellate points that do not require the reporter's record for decision. *See* Tex. R. App. P. 37.3(c). For all other issues, we presume the evidence supported the trial court's decisions. *See Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987); *Mays v. Pierce*, 281 S.W.2d 79, 82 (Tex. 1955); *In re Tyler*, 408 S.W.3d 491, 495 (Tex. App.—El Paso 2013, no pet.); *Urbanczyk v. Urbanczyk*, 278 S.W.3d 829, 832-33 (Tex. App.—Amarillo 2009, no pet.).

**Discussion**

In his first two issues, Radwan complains that he and his attorney repeatedly stated that they were not ready for trial and asked for continuances. In his third issue, he complains that the trial court "was clearly not ready for the case" and should have granted a continuance. In his fourth issue, Radwan complains that the trial court should not have released his attorney from representing Radwan at the conclusion of trial. A decision on a request for continuance is reviewed for an abuse of discretion, *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988), as is

2

a trial court's ruling on a motion to withdraw as counsel, *Sims v. Fitzpatrick*, 288 S.W.3d 93, 100 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Without a reporter's record, we must assume the court did not abuse its discretion. *See Simon*, 739 S.W.2d at 795. Further, there is nothing to show that the court was unprepared or that Radwan suffered any harm as a result of such alleged unpreparedness. We overrule Radwan's first, second, third, and fourth issues.

In his fifth and sixth issues, Radwan argues that the trial court should not have credited certain evidence urged by Sanaa and erred in overruling Radwan's evidentiary objections and that those errors resulted in improper rulings on Radwan's and Sanaa's rights and duties as to the children and an improper division of the community estate. Evidentiary decisions, child possession decisions, and the division of a marital estate are reviewed for an abuse of discretion, *see National Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527-28 (Tex. 2000) (trial court's evidentiary decisions reviewed for abuse of discretion.); *Iliff v. Iliff*, 339 S.W.3d 126, 133 (Tex. App.—Austin 2009), *aff'd*, 339 S.W.3d 74 (Tex. 2011) (trial court decisions on child support, property division, and custody, possession, and visitation are reviewed for abuse of discretion), and require a reporter's record to assess. Without such a record, we assume that the evidence adequately supported the trial court's decisions. *See Simon*, 739 S.W.2d at 795. We overrule Radwan's fifth and sixth issues.

In his seventh issue, Radwan contends that the trial court erred in its handling of a check from the Internal Revenue Service and in ordering him to pay certain sums to Sanaa and her attorney. In his eighth issue, he asserts that he was threatened with jail and coerced into signing certain documents. In his ninth issue, he argues the court erred in refusing to admit a letter from the Attorney General showing he had overpaid his child support obligations. Without a reporter's

3

record, we cannot assess such issues and must assume the evidence was sufficient to support the trial court's decisions. *See id*. We overrule Radwan's seventh, eighth, and ninth issues.

In his tenth issue, Radwan argues that the trial court erred by ignoring evidence about age and earning gaps between the parties, the parties' respective contributions to the estate, who was at fault for the marriage's failure, and the parties' health conditions. He also contends that the court did not provide him with a copy of the divorce decree and that he only managed to file a timely notice of appeal because his former attorney and Sanaa's attorney sent him a copy. Finally, he argues that the trial court, "in an apparent effort to block my quest for appeal," ruled that only his request for findings of fact related to the property division was timely.[2] Without a reporter's record, we have no way to assess any such complaints. *See id*. We overrule Radwan's final issue on appeal.

## Conclusion

Having overruled all of Radwan's appellate issues, we affirm the trial court's decree.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: April 24, 2015

---

[2] Radwan filed four requests for findings of fact, all filed twenty days after the decree was signed. He sought findings related to the property division, the child support order, and the possession order, as well as a general request for findings of fact and conclusions of law. Requests for findings of fact related to child support and possession are due within ten days of the order. *See* Tex. Fam. Code §§ 153.258, 154.130.

4