Richard U. SIMON, Jr., Petitioner,

v.

**YORK CRANE & RIGGING COMPANY, INC.,**
Respondent.

No. C–6408.

Supreme Court of Texas.

Oct. 28, 1987.

Rehearing ·Denied Dec. 16, 1987.

John Henry McBryde, Nora J. Toohy, McBryde & Bennett, Fort Worth, for petitioner.

R. Brent Cooper, Cowles & Thompson, Dallas, for respondent.

OPINION

HILL, Chief Justice.

This is an appeal from a judgment by the Court of Appeals that guardian ad litem fees allowed by the trial court were unreasonable and excessive. Richard U. Simon was appointed guardian ad litem to protect the interests of a minor child in a wrongful death suit. The trial court awarded Simon $25,000 ad litem fees at the trial level and up to $12,000 in additional fees in the event of appeal. The Court of Appeals, in an unpublished opinion held the amount excessive and that the trial court abused its discretion. It remanded the cause to the

trial court to reassess the amount of the fee. We hold there was no abuse of discretion by the trial court, and we reverse the judgment of the Court of Appeals and reinstate the ad litem award.

The underlying case involved a crane accident in which Thomas Jobe was killed when a crane owned by York Crane & Rigging came into contact with high voltage electrical wires. A settlement was eventually reached involving a lump sum payment to Jobe's wife of $675,000 and annuities for his parents and minor son, for whom a trust was created in the Settlement Agreement. The total value of the settlement was approximately $2,415,000 over the expected term of the annuity. Simon was appointed guardian ad litem of the minor child.

At a hearing, in January 1986, the trial court did not approve the settlement because it was not satisfied as to the financial responsibility of the insurance company that was to fund the annuity for the minor. The court requested Simon to investigate the solvency of the company. A second hearing took place in March 1986. For that hearing, Simon had secured the services of a certified public accountant who testified as to the solvency of the company. On the basis of this testimony and certain assurances by Simon, the trial court approved the settlement. In approving the settlement and rendering judgment, the trial court interlined an award of $25,000 for the ad litem fee. Counsel for York recorded no objection to the amount of the fee at that time.

York subsequently filed a timely Motion for New Trial urging the court to alter its judgment on the ad litem fee or to grant a remittitur. A hearing was held on the Motion. Despite the fact that the purpose of the hearing was to challenge the ad litem fee issue, and that York knew no other evidence on the fees was in the record, York did not request the court reporter to make a statement of facts for this hearing. York did seek to introduce a stipulation signed by both parties as to the amount of time spent by Simon on the case. The stipulation was apparently handed to the judge, but not filed. Counsel for York concede they made no effort to check with the judge or the court clerk to determine if the document was in fact filed. A certificate by the clerk indicates that the stipulation was found "loose and unfile-marked" in the file jacket for the case. The clerk presented the document to the trial judge, who declined to file-mark it.

Following the new trial hearing, the trial court signed an order denying the relief sought in the Motion for New Trial and assessed an additional $12,000 in guardian ad litem fees in the event of appeal. In an unpublished opinion, the court of appeals held the ad litem fees unreasonable and excessive. We reverse.

■ The award of guardian ad litem fees is in the sound discretion of the trial court. *Pratt v. Texas Dept. of Human Resources*, 614 S.W.2d 490, 496 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.). Absent evidence illustrating a clear abuse of discretion, a reviewing court will not set aside an allowance. *Cypress Creek Utility Services v. Muller*, 624 S.W.2d 824, 827. (Tex.App.—Houston [14th Dist.] 1981) *aff'd*, 640 S.W. 2d 860 (1982).

■ The discretion of the trial court in setting an ad litem fee is not unbridled. In general the same factors as are used to determine the reasonableness of attorney's fees are controlling. *See Phillips Petroleum Co. v. Welch*, 702 S.W.2d 672 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Such factors include the difficulty and complexity of the case, the amount of time spent by the attorney, the benefit derived by the client, and finally, the skill and experience reasonably needed to perform the service. *Tuthill v. Southwestern Public Service Co.*, 614 S.W.2d 205, 212–13 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.).

An award of $25,000, augmented by $12,000 in the event of an appeal, could be excessive as a guardian ad litem fee. York, however, has brought forward no evidence whatsoever in the record that might show on what grounds the trial court made its award.

An appellate court may reverse a trial court for abuse of discretion only if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649, 651 (Tex.1970). Hence, the party that complains of abuse of discretion has the burden to bring forth a record showing such abuse. *See, Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968); Tex.R.App.P. 50(d). Absent such a record, the reviewing court must presume that the evidence before the trial judge was adequate to support the decision. *Mays v. Pierce*, 281 S.W.2d 79, 154 Tex. 487 (1955).

York had ample opportunity to see that an adequate record was made. Instead, it failed to make an objection when the court first granted the ad litem fees. It failed to obtain a statement of facts at the hearing at which the fees were discussed. As to the one piece of evidence it did have, the stipulation of facts regarding Simon's work on the case, York failed to see that the document was properly filed and made a part of the record.

This Court must accordingly presume that the trial court had adequate evidence before it to justify its award of guardian ad litem fees. The judgment of the Court of Appeals is reversed. The trial court's award of $25,000 plus $12,000 in event of appeal for guardian ad litem fees is reinstated.