MISSOURI PACIFIC RAILROAD COMPANY d/b/a Union Pacific Railroad Company and Randy Issenock, Appellants,

v.

Gilbert Vela ALDERETE, Individually and as Next Friend of Gilbert Issac Alderete, a minor, and Humana Health Plan of Texas, Inc., Appellees.

No. 04–96–00014–CV.

Court of Appeals of Texas, San Antonio.

Dec. 31, 1996.

Order and Judgment Jan. 31, 1997.

Robert B. Burns, Jr., Joseph Loiacono, II, Wilson, Grosenheider & Burns, L.L.P., Austin, for appellants.

Teresa A. Hunter, Emilio "Chito" Davila, Jr., Laredo, Michael R. Boling, Dallas, August C. Toudouze, Glenn Grossenbacher, San Antonio, for appellees.

Before CHAPA, C.J., and STONE and GREEN, JJ.

STONE, Justice.

The central issue presented in this appeal is the reasonableness of guardian ad litem fees awarded in a personal injury case. Gilbert Isaac Alderete, a minor, was injured when he fell from a moving Missouri Pacific Railroad train. Teresa Hunter was verbally appointed guardian ad litem by the trial court on November 3, 1992, but was not notified of her appointment until November 1994. The ad litem order was signed on November 17, 1994.

The suit proceeded to trial in August 1995 and the trial lasted eight days. Issues were submitted to the jury, but prior to the jury returning its verdict, the parties entered into a high-low agreement which minimized appellants' potential liability. The agreement also stipulated that appellants would pay Hunter a "reasonable" ad litem fee. On October 3, 1995, the court entered a non-appealable judgment which incorporated the terms of the settlement agreement and awarded Hunter $150,000. We affirm conditioned upon remittitur.

Appellants' sole point of error challenges Hunter's $150,000 ad litem award. Appellants assert two complaints in this point of error. First, appellants contend the trial court abused its discretion in awarding the fees since the conflict of interest that gave rise to the need for Hunter's services was resolved. Second, to the extent it was necessary to maintain Hunter in the suit, her ad litem award of $150,000 was excessive.

Hunter asserts one cross point of error contending this appeal was taken solely for delay and without sufficient cause. Hunter argues that since appellants filed no objections to the judgment, signed a non-appealable judgment, and do not assert a point of error regarding the nonappealable nature of the judgment, this appeal is without merit. Further, Hunter contends appellants' appeal constitutes harassment which is evidenced by sending forward the trial's entire transcript when only a review of two proceedings is necessary for resolution of their sole point of error. Hunter urges this court to sanction appellants. We find sufficient cause for bringing this appeal based on the issue of reasonableness of the fees, *see Finch v. Finch,* 825 S.W.2d 218, 226 (Tex.App.—Houston [1st Dist.] 1992, no writ), and accordingly overrule Hunter's cross point of error.

*Appointment of Guardian Ad Litem*

Rule 173 of the Texas Rules of Civil Procedure allows a trial court to appoint a guardian ad litem when a minor is represented by a guardian or next of friend who appears to have an interest adverse to that of the minor. TEX. R. CIV. P. 173.

■ Appellants complain that the trial court abused its discretion in awarding Hunter ad litem fees because the conflict of interest that gave rise to the need for her involvement was resolved before the case proceeded to trial. We need not address whether the conflict was resolved prior to trial since we find that appellants failed to properly preserve this complaint for appeal.

On appeal, appellants contend for the first time that Hunter's presence in the trial was unnecessary due to the resolution of the conflict between Gilbert and his parents. This contention lies in stark contrast to appellants' actions throughout the proceedings. Appellants argue that the Alderetes' Third Amended Petition, in which they abandoned their claim for personal damages, resolved the conflict of interest between Gilbert and his parents. Appellants, however, did not object to Hunter's continuation in the suit at the time of this alleged resolution of the conflict, nor did they lodge an objection to her continued participation during any stage of the trial. Rather, seemingly in contradiction of their belief that Hunter's continuation was unjustified, appellants approached her with a settle-

ment offer for Gilbert which she rejected. Moreover, once the parties did enter into a settlement agreement, appellants agreed to pay Hunter a reasonable fee. Finally, in their motion for new trial, appellants challenged only the reasonableness of the fees awarded to Hunter; presumably conceding the fact that ad litem fees were appropriate as long as they were reasonable.

Appellants argue that it was not their responsibility to bring this issue to the court's attention, but rather it was Hunter's duty, as an officer of the court, to alert the court that the conflict was resolved. We disagree. Hunter argues that she believed a conflict between Gilbert and his parents existed due to suspected drug use of one of the parents. With this belief, Hunter believed her continuation as Gilbert's guardian ad litem was necessary to protect his interests. Thus, if appellants believed that Hunter's participation in the suit was improper, it was their responsibility to bring this fact to the court's attention. Based on appellants' actions, we find that they failed to preserve this complaint for appeal. *See* TEX. R.APP. P. 52(a). Thus, we now turn our attention to the only issue before this court on appeal—the reasonableness of the ad litem award.

### Reasonableness of Fees

■■■ Ad litem fees are awarded at the discretion of the trial court. *Simon v. York Crane & Rigging Co. Inc.*, 739 S.W.2d 793, 794 (Tex.1987). When awarding fees, the trial court should consider such factors as the complexity of the case, the experience and skill needed for the task, the time dedicated by the attorney to the case, and the benefit derived by the client. *Id.* Absent a showing of an abuse of discretion, the reviewing court shall not disturb the award. *Id.* A trial court abuses its discretion if there is no evidence or insufficient evidence to support the award. *Dalworth Trucking Co. v. Bulen*, 924 S.W.2d 728, 738 (Tex.App.—Texarkana 1996, no writ). The reviewing court may draw upon the common knowledge of the justices and their experience as lawyers and judges to view the matter in light of the evidence and the amount in controversy. *Id.*

■■ In addressing the nature of the lawsuit and the skill and experience reasonably required for Hunter to perform, appellants submit to this court that the case was a "relatively straightforward pedestrian-train accident." This was not a products liability case, a medical malpractice case, or a complex breach of contract case; but rather, this was a case in which the plaintiffs alleged negligence, gross negligence, and negligence per se claims against appellants. Appellants also take issue with the amount of time and effort Hunter invested in the case. Appellants argue that the record reflects Hunter's limited role in the proceedings. Hunter did not file any pleadings, did not argue any portion of the partial summary judgment proceeding, did not argue any pre-trial motions, and did not lodge any evidentiary objections during the trial. According to appellants, examining one witness and giving a closing argument was the extent of Hunter's participation. Based on these facts, appellants argue that Hunter's limited participation in the trial indicates that she conferred little benefit, if any, to Gilbert.

Appellants also challenge one of the justifications Hunter urged to the court when determining her fee. Hunter argued that unlike a plaintiff's attorney, a guardian ad litem's liability for malpractice is extended by the tolling of the statute of limitations. Gilbert was seventeen years old at the time of trial and turned eighteen years old within six months of the judgment. Therefore, Hunter's liability in this particular action was increased only by a period of six months. Appellants contend that Hunter's situation differs significantly from ad litems representing younger children where the potential exposure is obviously longer and, therefore this factor should not carry much weight.

Hunter asked the court to award her fees in the amount of $100,000–$200,000. In support of that request, Hunter testified that she spent 300 hours working on this case. This fact was not controverted by appellants. Hunter testified that her involvement included reviewing depositions and the motions and responses for summary judgment, attending a mediation session in San Antonio, meeting

and discussing the lawsuit with Gilbert and his father, reviewing discovery materials, discussing trial strategy with plaintiffs' attorneys, conferring with appellants regarding a proposed settlement agreement, and finally attending the eight day trial.

In addition to Hunter's testimony, James K. Jones, Glenn Grossenbacher, and August Toudouze presented evidence to the trial court regarding hourly rates for attorneys and Hunter's role in the suit. Jones, an experienced trial attorney in Webb County, testified that a reasonable hourly rate in Webb County for an attorney representing a minor plaintiff in a personal injury case would be $350 per hour. Jones did concede on cross examination, however, that he knows of only seven individuals in Webb County who earn $350 per hour on regular basis. He further testified that a reasonable ad litem fee would equal twenty percent of the minor's gross award. Grossenbacher, plaintiffs' trial attorney, testified about the complex nature of the suit and stated that due to Hunter's active participation in the trial he thought of her almost as co-counsel. Toudouze, who also served as plaintiff's trial counsel, echoed Grossenbacher's sentiments when he testified that Hunter's handling of the settlement negotiations two weeks prior to trial was valuable because it allowed him to concentrate on trial preparation.

■ Hunter's award of $150,000 for 300 hours of work represents an hourly rate of $500 per hour. We find the evidence which was before the trial court does not support such an award and the award is $45,000 more than any of the evidence supports. Jones' testimony that $350 per hour for an attorney representing a minor in a personal injury case is the only competent evidence regarding hourly rates before the trial court. The testimony regarding the ad litem award representing a percentage of the minor's recovery was improper and cannot support the award since the order appointing Hunter did not state that her fees were contingent upon success. *See Bulen,* 924 S.W.2d at 738 (stating that it is improper to award percentage of recovery to ad litem unless order provides for such method of calculation).

We therefore find the trial court abused its discretion in awarding Hunter $150,000. A remittitur in the amount of $45,000 is suggested as to Teresa Hunter's ad litem award. If within fifteen (15) days of the date of this judgment, Teresa Hunter files in this Court a remittitur, as suggested, the judgment as to Teresa Hunter will be reformed and affirmed, otherwise, the judgment as to Teresa Hunter will be reversed and remanded.

GREEN, Justice, concurring and dissenting.

I concur with the majority that the trial court abused its discretion in awarding Teresa Hunter a guardian ad litem fee in the amount of $150,000 in this case. The award is clearly excessive under these facts. But because I believe the amount of the remittitur suggested by the majority is insufficient, I respectfully dissent.

The factors to be used in determining the reasonableness of guardian ad litem fees are the same factors used in determining the reasonableness of attorney's fees. *Alford v. Whaley,* 794 S.W.2d 920, 925 (Tex.App.—Houston [1st Dist.] 1990, no writ). These factors are:

(1) the time and labor involved;

(2) the nature and complexities of the case;

(3) the amount of money or the value of the property or interest involved;

(4) the extent of the responsibilities assumed by the attorney;

(5) whether other employment is lost by the attorney because of the undertaking;

(6) the benefits resulting to the client from the services;

(7) the contingency or certainty of compensation; and

(8) whether the employment is casual or for an established or constant client.

*Id.*

Moreover, in reviewing the reasonableness of an ad litem fee awarded by the trial court, it has been held that "an appellate court has the authority in looking at the entire record to draw on the common knowledge of the justices of the court and their experience as lawyers and judges to view the matter in

light of the testimony, the record, and the amount in controversy." *Id.*

Accordingly, after reviewing the evidence of Teresa Hunter's activities in this case in light of the above enumerated factors, and drawing upon my common knowledge and experiences as a lawyer with seventeen years of practice in the area of personal injury law before joining this court, it is my considered opinion that a fee of $150,000—or even the $105,000 amount suggested by the majority—is patently and grossly excessive and unreasonable. An ad litem fee of that size cannot reasonably be defended under these facts.

An ad litem's sole duty is to protect the interests of a legally incompetent client against the potential or actual conflicting interests of other parties who may represent the incompetent in other capacities. For the proper discharge of that duty, the ad litem is entitled to a reasonable fee, regardless of the outcome of the case. *See* TEX.R. CIV. P. 173. And since a guardian ad litem does not undertake the risk of an unsuccessful outcome, the ad litem is not ordinarily entitled to a fee based upon risk. *Cf. Dalworth Trucking Co. v. Bulen,* 924 S.W.2d 728, 738 (Tex.App.—Texarkana, no writ) (ad litem fee based on percentage of recovery improper unless authorized by order appointing ad litem).

Upon consideration of all the factors to be considered in determining whether a fee is reasonable, and again drawing upon my experience and common knowledge, it is my view that an hourly fee rate of $150 fairly encompasses those factors in this case. *See Alford v. Whaley,* 794 S.W.2d at 926. But in arriving at a reasonable ad litem fee we should not simply apply the $150 per hour fee rate to the 300 hours Ms. Hunter says she worked. The question of whether a fee is reasonable is determined not only by the amount of the hourly rate, but by the number of hours charged. It is possible to work a file more than can reasonably be charged to a client. And in this case, it is my opinion that 300 hours is much more time than can be reasonably justified by an ad litem with Ms. Hunter's limited responsibilities. In the words of Justice Bissett, if Ms. Hunter spent

300 hours preparing this case, "then [she] overprepared the case, and appellants should not be held liable for attorney's fees due to overpreparing." *See Giles v. Cardenas,* 697 S.W.2d 422, 430 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). In my view, 150 hours of preparation and trial time is much more reasonable under the circumstances and would allow for adequate representation of her client.

I would sustain appellant's point of error and suggest a remittitur in the amount of $127,500 to reduce the ad litem fee to the more reasonable sum of $22,500. In the absence of a remittitur filed by Ms. Hunter in the amount suggested, I would reverse and remand the issue to the trial court for a redetermination of a reasonable ad litem fee.

## ORDER

On December 31, 1996 this court issued its opinion finding insufficient evidence to support the award of guardian ad litem fees in the amount of $150,000.00. The court found the fee excessive by $45,000.00, and thus suggested a remittitur in the amount of $45,-000.00. Judgment was issued that the judgment of the trial court would be affirmed as reformed (to include an ad litem award of $105,000.00) if appellee tendered a remittitur of $45,000.00 within fifteen days. On January 14, 1997, appellee, Gilbert Vela Alderete, Individually and as Next Friend of Gilbert Issac Alderete, a minor, and Humana Health Plan of Texas, Inc., filed the suggested remittitur of $45,000.00.

Accordingly, it is THEREFORE ORDERED that the judgment of December 31, 1996 be and is hereby withdrawn. A new judgment bearing today's date is hereby substituted in its stead.

## JUDGMENT

Before STONE and GREEN, JJ., and CHAPA, C.J. (retired) [1].

The judgment of December 31, 1996, is withdrawn, and this judgment is substituted in its stead. In accordance with this Court's opinion of December 31, 1996, the judgment

---

1. Chief Justice Chapa, (retired), not participating.

of the trial court is AFFIRMED as RE-FORMED.

This Court, having found insufficient evidence to support Teresa Hunter's ad litem award in the amount of $150,000, suggested a REMITTITUR in the amount of $45,000. Pursuant to TEX.R.APP.P. 85(e), if Teresa Hunter filed a remittitur within fifteen (15) days after the date of said opinion, the judgment of the trial court would be RE-FORMED and AFFIRMED. If Teresa Hunter did not file such a remittitur within said period of time, the judgment as to Teresa Hunter would be REVERSED and the cause REMANDED to the trial court for a new trial. On January 14, 1997, Teresa Hunter complied with said opinion and filed a remittitur with this Court in the amount of $45,000. Due to Teresa Hunter's compliance with this Court's opinion, the judgment of the trial court is AFFIRMED as REFORMED to reflect an ad litem award to Teresa Hunter in the amount of $105,000.

Each party is taxed one half of the costs of this appeal. After all costs have been paid, the clerk of the district court is directed to release the full amount of the cash deposit in lieu of cost bond to Robert B. Burns, Jr. as attorney for appellants, Missouri Pacific Railroad Company d/b/a Union Pacific Railroad Company and Randy Issenock.