DISSENTING OPINION
No. 04-99-00204-CV
BORDEN, Inc.,
Appellant
v.
Sergio MARTINEZ, Alvino Morales, and Arnulfo Gonzalez, Jr.,
Appellees

From the 49th Judicial District Court, Webb County, Texas

Trial Court No. C-96-1131-DI

Honorable Manuel R. Flores, Judge Presiding

Opinion by: Catherine Stone, Justice

Concurring opinion by: Tom Rickhoff, Justice

Dissenting opinion by: Paul W. Green, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

Delivered and Filed: March 22, 2000


 Although a trial court has a great deal of discretion in awarding fees to a guardian ad
litem, that does not mean unbounded discretion. There is a reasonableness limit. Because the
majority apparently places no bounds on a trial court's discretion to award guardian ad litem
fees, I must respectfully dissent.

 A guardian ad litem is entitled to a reasonable fee for his services. See Tex. R. Civ.
P. 173.; Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999). The fee amount should be
determined by following the same factors used in determining the reasonableness of an
attorney's fee award. See id. When applying the standard factors in this case, it is clear, at
least to me, that the guardian ad litem fees awarded are unreasonable and excessive.
Moreover, the time recorded by the lawyers, in some instances, was for services unrelated
to or beyond the proper performance of a guardian ad litem's legal obligations.

 A guardian ad litem's sole duty is to act as the personal representative of the minor
and protect the minor's interests in a lawsuit in which the minor is a party. See American
Gen. Fire & Cas. Co. v. Vandewater, 907 S.W.2d 491, 493 n. 2 (Tex. 1995). I believe the
value of that duty is reasonably compensated at the rate of $150 per hour. See Missouri Pac.
R.R. Co. v. Alderete, 945 S.W.2d 148, 151-52 (Tex. App.-San Antonio 1996, no
writ)(Green, J., concurring and dissenting). Thus, I would hold that the trial court abused its
discretion when it awarded ad litem fees in amounts that calculate to hourly rates of $358,
$395 and $579. I would also exclude from consideration any time spent that was not properly
within the legal responsibilities of the ad litem. See Roark v. Mother Frances Hosp., 862
S.W.2d 643, 647 (Tex. App.-Tyler 1993, writ denied) (guardian ad litem who exceeds
proper responsibilities not entitled to compensation for extra work).

 PAUL W. GREEN

 Justice

PUBLISH