TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00559-CV






Inga Oehlerich, Appellant




v.




Texas Department of Protective and Regulatory Services, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 98-04086, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 Appellant Inga Oehlerich appeals following the district court's dismissal of her
petition seeking managing conservatorship of her grandchildren with prejudice. In a single point
of error, she contends that the district court abused her discretion in dismissing the petition.


Background


 The Department of Protective and Regulatory Services filed suit against Christopher
and Cindy Oehlerich seeking to terminate their parental rights to their five children.(1) On April
20, 1998, appellant, Christopher's mother, intervened in the parental rights termination suit by
filing an "original petition in a suit affecting the parent child relationship by a grandparent seeking
managing conservatorship" of her five grandchildren. At the time appellant filed her petition, the
children were temporarily in the custody of the Department. Christopher and Cindy Oehlerich
each signed affidavits stating that they were relinquishing their parental rights and naming the
Department as the children's managing conservator. On April 27, the district court decreed that
the parental rights of Christopher and Cindy Oehlerich were terminated and that the Department
was the children's managing conservator.

 On May 1, the Department and the children's attorney ad litem filed a joint motion
to dismiss appellant's petition contending that she lacked standing to bring suit requesting
managing conservatorship of the children.(2) After a hearing, the district court granted the motion
to dismiss with prejudice. A final order was entered on August 17, 1999, and appellant timely
appealed.(3)


Discussion


 Standing is a threshold issue that is properly raised by a motion to dismiss. See
Behren v. Behren, 800 S.W.2d 919, 922 (Tex. App.--San Antonio 1990, writ denied). We apply
the abuse of discretion standard when reviewing a district court's dismissal of a suit for lack of
standing. See id. (citing Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987)).
We may reverse a court's decision for an abuse of discretion only when it is clear that the decision
was arbitrary and unreasonable. See id. (citing Morrow v. H.E.B., 714 S.W.2d 297, 298 (Tex.
1986)).

 A grandparent may proceed with an original suit requesting managing
conservatorship if there is satisfactory proof that (1) the order requested is necessary because the
children's present environment presents a serious question concerning the children's physical
health or welfare or (2) both parents or the managing conservator or custodian either filed the
petition or consented to the suit. See Tex. Fam. Code Ann. § 102.004(a) (West Supp. 2000).

 Appellant acknowledged that the children were in the care of the Department but
admitted she did not know if the children's environment was dangerous. She failed to offer any
evidence that the children's present environment presented a serious question concerning their
physical health or welfare. She also failed to show that both parents of the children consented to
her suit. While appellant alleged in her petition that both parents consented to the suit, the motion
to dismiss challenged that assertion and appellant failed to provide any evidence that the parents
had consented. The only evidence that related to either parent's consent was testimony from
Gregory Freed, the attorney for the children's mother, Cindy. Freed testified that he consented
to the grandmother's suit on behalf of Cindy. He also, however, acknowledged that Cindy had
voluntarily relinquished her parental rights in an affidavit that designated the Department as
managing conservator of her children. We find nothing in the Family Code that provides consent
to a grandparent's suit may be conveyed by an attorney. Additionally, Freed's testimony at best
shows the mother's consent was conflicting, indicating her desire for both the grandmother and
the Department to be the children's managing conservator. By dismissing the suit, the district
court resolved any evidentiary conflict against the grandmother. As the trier of fact, the district
court's resolution of this factual dispute is given great deference. See D.O. v. Texas Dep't of
Human Svcs., 851 S.W.2d 351, 357 (Tex. App.--Austin 1993, no writ). Even if the mother
consented to the suit, her consent alone would not provide appellant standing to maintain her suit. 
Appellant presented no evidence that Christopher consented to her suit. Absent any evidence that
the father also consented to appellant's suit she lacked standing. In dismissing appellant's petition,
the district court did not act in an arbitrary or unreasonable manner. We find no abuse of
discretion in the district court's granting the joint motion to dismiss.

 For the first time on appeal, appellant claims she has standing to maintain the suit
under section 153.432 of the Family Code. This provision authorizes suits by grandparents
seeking access--as opposed to conservatorship--to their grandchildren. See Tex. Fam. Code Ann. 
§ 153.432 (West 1996). Because appellant did not raise this claim before the district court, she
has failed to preserve this issue for review and we decline to address it on appeal. See Tex. R.
App. 33.1(a). We overrule appellant's contention.

 Finally, we observe that the district court dismissed appellant's suit with prejudice. 
We modify the dismissal order to hold that appellant's lawsuit is dismissed without prejudice and
affirm the order as modified.



 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Modified and, as Modified, Affirmed

Filed: October 12, 2000

Do Not Publish


1. Sometime before the Department filed the parental rights termination suit, Christopher
Oehlerich was sentenced to life in prison for sexually assaulting the children.
2. Additionally, on May 8, the Department answered appellant's petition and filed a counter-petition addressing other issues raised in appellant's original petition. 
3. On May 11, 1998, Judge W. Jeanne Meurer signed an order dismissing appellant's suit with
prejudice. Appellant previously filed an appeal in this Court complaining about the May 11
dismissal order. See Inga Oehlerich v. Texas Dep't of Protective & Regulatory Svcs., No. 03-98-310-CV (Tex. App.--Austin October 22, 1998, no pet.) (not designated for publication). Because
the dismissal order was not a final appealable order, that appeal was dismissed for lack of
jurisdiction. Id. The final appealable order was signed by Judge Mary Pearl Williams.


., 739 S.W.2d 793, 795 (Tex. 1987)).
We may reverse a court's decision for an abuse of discretion only when it is clear that the decision
was arbitrary and unreasonable. See id. (citing Morrow v. H.E.B., 714 S.W.2d 297, 298 (Tex.
1986)).

 A grandparent may proceed with an original suit requesting managing
conservatorship if there is satisfactory proof that (1) the order requested is necessary because the
children's present environment presents a serious question concerning the children's physical
health or welfare or (2) both parents or the managing conservator or custodian either filed the
petition or consented to the suit. See Tex. Fam. Code Ann. § 102.004(a) (West Supp. 2000).

 Appellant acknowledged that the children were in the care of the Department but
admitted she did not know if the children's environment was dangerous. She failed to offer any
evidence that the children's present environment presented a serious question concerning their
physical health or welfare. She also failed to show that both parents of the children consented to
her suit. While appellant alleged in her petition that both parents consented to the suit, the motion
to dismiss challenged that assertion and appellant failed to provide any evidence that the parents
had consented. The only evidence that related to either parent's consent was testimony from
Gregory Freed, the attorney for the children's