**AFFIRM; and Opinion Filed July 11, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-00543-CV**

**IN THE INTEREST OF J.L.T., A CHILD**

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 06-1922-15**

**MEMORANDUM OPINION**
Before Chief Justice Wright and Justices Evans and Richter[1]
Opinion by Justice Richter

Father appeals from the trial court's January 10, 2012 order enforcing and modifying his support obligations. In a single issue, Father contends the trial court erred in modifying the language in the divorce decree as it pertained to the discharge of obligations under temporary orders. The background and facts of the case are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are well settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's order.

Following an evidentiary hearing held on January 27, 2011, the trial court signed an order assessing arrearages against Father for both child support and medical support. The trial court did not order payment of the arrearages at that time. This order was signed on March 17, 2011.[2]

---

[1] The Hon. Martin Richter, Justice, Assigned.

[2] We note that on November 8, 2011, the trial court signed a "Judgment Nunc Pro Tunc Order Enforcing and Modifying Support Obligation."

The trial court held another evidentiary hearing on September 9, 2011 and subsequently signed the order that is the subject of this appeal. In that order, the trial court references the September 9, 2011 hearing. In this order, the trial court ordered payment of the arrearages. The trial court also: (1) made findings as to Father's gross monthly resources and net resources; (2) ordered Father to make monthly $90 medical support payments; and (3) ordered Father and Mother to split other healthcare expenses for the child.

Our record on appeal consists of the clerk's record, a supplemental clerk's record, and the reporter's record from the January 27, 2011 hearing. A party appealing an adverse judgment has the burden to show reversible error. *See* Tex. R. App. P. 44.1(a). Without a reporter's record from the hearing, an appellate court cannot review a trial court's judgment for alleged error. *See Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex.1987); *Marion v. Davis,* 106 S.W.3d 860, 869 (Tex. App.—Dallas 2003, pet. denied). When an appellant fails to bring the reporter's record from the hearing showing the trial court committed error, we must presume that adequate evidence was presented at the hearing to support the trial court's judgment. *See Simon,* 739 S.W.2d at 794–95.

Father failed to bring the reporter's record from the September 9, 2011 hearing. Accordingly, based on the record and arguments before us, we conclude Father has not demonstrated the trial court committed error. We resolve Father's sole issue against him.

We affirm the trial court's order.

/Martin Richter/
MARTIN RICHTER
JUSTICE, ASSIGNED

110543F.P05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.L.T., A CHILD

No. 05-11-00543-CV

On Appeal from the 15th Judicial District Court, Grayson County, Texas.
Trial Court Cause No. 06-1922-15.
Opinion delivered by Justice Richter.  Chief Justice Wright and Justice Evans, participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee, Sharon Towne Bowman, recover her costs of this appeal from appellant, Samuel Towne.

Judgment entered this 11th day of July, 2013.

/Martin Richter/

MARTIN RICHTER
JUSTICE, ASSIGNED