# IN THE SUPREME COURT OF TEXAS

════════════

No. 13-0537

════════════

IN RE STATE BOARD FOR EDUCATOR CERTIFICATION, RELATOR

═══════════════════════════════════════════════════════

ON PETITION FOR WRIT OF MANDAMUS

═══════════════════════════════════════════════════════

JUSTICE GUZMAN, joined by JUSTICE BROWN, concurring.

The State Board for Educator Certification has wisely observed that "[a] certified educator holds a unique position of public trust with almost unparalleled access to the hearts and minds of impressionable students. The conduct of an educator must be held to the highest standard." 19 TEX. ADMIN. CODE § 249.5(b)(1). Because the Court correctly concludes that a trial court has discretion to deny suspension of a non-money judgment when the State files a notice of appeal, I join its opinion. But I also write separately today because I believe the record before us fails to affirmatively indicate that the trial court considered the potentially significant harm to schoolchildren before effectively reinstating Erasmo Montalvo's educator certificate pending the outcome of the appeal. Therefore, I respectfully concur in the Court's denial of the petition for writ of mandamus.

We review a trial court's order granting or denying an injunction under an abuse of discretion standard. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A trial court abuses its discretion if it acts without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Our guiding principle for issuing injunctions is that trial courts should balance the competing equities by weighing the probable harm to the

plaintiff if an injunction is erroneously denied against the probable harm to the defendant if an injunction is erroneously granted. *See In re Gamble*, 71 S.W.3d 313, 317 (Tex. 2002); *Storey v. Central Hide & Rendering Co.*, 226 S.W.2d 615, 618–19 (Tex. 1950). If the injury to the complainant is slight compared to the injury caused to the defendant and the public, relief will ordinarily be refused. *Storey*, 226 S.W.2d at 619. But the injunctive relief the trial court affords and its procedure for doing so are different matters. Substantively, we will uphold a trial court's injunction unless, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *See Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987). But procedurally, the trial court must indicate that it weighed the competing equities; if the record does not affirmatively indicate the trial court did so, then this failure is a departure from guiding principles and amounts to an abuse of discretion. *See, e.g.*, *Nath v. Tex. Children's Hosp.*, __ S.W.3d __, __ (Tex. 2014) (remanding for trial court to assess an omitted but relevant element for determining the amount of sanctions). In such cases, a remand is appropriate to enable the trial court to demonstrate that it weighed the competing equities. *Id*.

Here, before issuing the injunction, the trial court was required to balance the threat to the safety and welfare of Texas schoolchildren if an unfit educator is allowed to teach and the harm to the educator if he is deprived of the opportunity to earn a living as a teacher during the appeals process. Importantly, balancing these equities involves more than merely identifying two sides. Instead, "[t]hese conflicting interests call for a solution of the question by the application of the broad principles of right and justice." *Storey*, 226 S.W.2d at 619. But here, the trial court's findings of fact and conclusions of law only addressed the potential harm to Montalvo:

2

Erasmo Montalvo, Plaintiff, has shown by a preponderance of the evidence, that he will be irreparably harmed if a permanent injunction is not issued prohibiting the Defendant State Board for Educator Certification from treating as revoked or revoking his educator certificate based on the facts and allegations relied on by Defendant in SOAH docket No. 70 1-ll-8468.EC, until the appellate court issues its ruling in any appeal taken by Defendant.

Plaintiff has shown by a preponderance of the evidence that, based on the history of this case, the harm to him is imminent. It is probable that the Defendant will file a Notice of Appeal, claim that its Notice automatically supersedes the injunction, and represent that Plaintiff's educator certificate is revoked during the pendency of the appeal, (which may involve an indefinite extended period of time), during which Plaintiff's ability to obtain employment consistent with his experience, training, and education, would likely be significantly adversely affected.

As the Court observes, this interest is significant and warrants full consideration.

But of at least equal import is the interest of schoolchildren in not being exposed to the harm of interaction with a teacher who fails to understand the proper bounds of the student-teacher relationship. The record before us reflects the trial court gave only cursory (if any) consideration to the safety and welfare of Texas students, declaring only that "[t]he competing equities favor granting the injunction." But evidence undisputedly indicates that Montalvo, a high school track and field coach and an elementary school physical education coach, allowed a teenage female student—wearing only a sports bra and biker shorts—to use the jaccuzi in the master bathroom of his home while no one else was present, called that female student over 480 times over a four-month period (with over 80 calls occurring after 10:00 p.m.), gave several female athletes "rubdowns" and ice baths, and failed to follow district protocol to send an injured athlete to the trainer. The State Board for Educator Certification determined these actions exceeded the bounds of the proper educator-student relationship and violated the trusted position of authority afforded to Texas school teachers. Allowing Montalvo to continue teaching after willingly exceeding the bounds of the proper

student-teacher relationship could substantially harm the safety and welfare of Texas schoolchildren. If particular considerations caused the trial court to view the harm to Montalvo as outweighing the potential harm to schoolchildren, the court should have said so.

The question is not whether a trial court could fully balance the competing equities and arrive at this trial court's conclusion. That balancing is within the trial court's discretion and we will uphold that substantive decision when supported by some evidence. But process matters, and this Court has long been the creator and guardian of those processes. While we cannot arbitrarily change a trial court's result, we can ensure that trial courts abide by the time-honored process of balancing the competing equities. And the record (such as findings of fact or a hearing transcript) provides our only method of knowing that balancing occurred. The record here is simply devoid of factual support that the trial court considered the potential specific harm to schoolchildren if the educator is allowed to teach pending the outcome of the appeal.

But while the record fails to indicate the trial court balanced the competing equities, the State Board for Educator Certification, as the relator in this mandamus proceeding, has the burden of proving that the trial court clearly abused its discretion. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). The Board limited its argument to the assertion that the trial court lacked discretion to grant an injunction during the pendency of the appeal—not that it retained discretion but abused it given these facts. While the relator here has not requested relief for the trial court's particular abuse of discretion, it is paramount that trial courts be cognizant of their obligation to fully demonstrate the calculus they typically engage in when granting injunctions. Accordingly, I concur in the Court's denial of the petition for writ of mandamus.

4

_____
Eva M. Guzman
Justice


**OPINION DELIVERED:** December 19, 2014