# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-14-00479-CV

---

**Kim Blackston Clogston, Appellant**

**v.**

**Curtis P. Clogston, Appellee**

---

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
NO. 05-D-540, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Kim Blackston Clogston appeals the trial court's final order denying her Petition for Enforcement of Property Division seeking to compel her ex-spouse, Curtis P. Clogston, to comply with their 2006 divorce decree by ordering him to "execute all relevant documents necessary to transfer the World Wide Web domain www.pfq.com" to her. On appeal, she argues that the trial court improperly denied her petition on the basis of limitations because she was unaware of her inability to make changes to the website until Curtis refused to remove himself as administrator of the domain name, despite the decree's award of the website and domain name to her. We will affirm the order.

Kim filed her petition to enforce about six and a half years after the parties' agreed divorce decree was entered. At the hearing on and in his filed response to Kim's petition, Curtis argued that (1) her action is barred by either a two-year statute of limitations, *see* Tex. Fam. Code

§ 9.003(a) (suit to enforce division of tangible personal property in existence at time of decree must be filed before second anniversary of date decree was signed), or the residual four-year statute of limitations, *see* Tex. Civ. Prac. & Rem. Code § 16.051; and (2) her petition was not seeking enforcement but, rather, to divide property that was not divided in the decree because the decree granted both parties the right to continue using the domain name—which is distinct from a website—and awarded only the website (i.e., the content located at the www.pfq.com address) to Kim, *see* Tex. Fam. Code § 9.202 (suit for post-decree division of property must be filed before second anniversary of date former spouse unequivocally repudiates existence of ownership interest of other former spouse and communicates repudiation to other former spouse).  Kim argued that she was merely seeking clarification of the decree to effectuate her ownership rights to the PFQ website and business by having control over and exclusive access to the domain name and that, essentially, ownership of the website is meaningless without rights to the domain name.  Neither party sought to introduce evidence or make an offer of proof at the hearing nor do they reference in their briefs any evidence in the record supporting either position.

At the end of the short hearing, the trial court denied Kim's petition without mention of the grounds on which it relied.  We will review the trial court's ruling on a motion for enforcement for an abuse of discretion and must affirm on any legal theory that finds support in the evidence, drawing every reasonable inference supported by the record in favor of the judgment.  *See Murray v. Murray*, 276 S.W.3d 138, 143 (Tex. App.—Fort Worth 2008, pet. dism'd).  A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to any guiding rules or principles.  *E.I. du Pont de Nemours & Co, Inc. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995).

We conclude that the trial court did not abuse its discretion in denying Kim's petition. Our review is limited because the record is devoid of any evidence upon which the trial court could have ruled in Kim's favor. *See Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987) (party that complains of abuse of discretion has burden to bring forth record showing such abuse). While there was a record made of the hearing on Kim's petition, the parties conducted only argument, and neither party offered to put on any evidence. It was Kim's burden to bring forth evidence to support her motion to enforce and relief that she was seeking. *See Pace Corp. v. Jackson*, 284 S.W.2d 340, 350 (Tex. 1955) (generally, party seeking affirmative relief has burden of proving right to such relief). While her pleadings alleged that Curtis "had failed to comply with the decree" by still "maintain[ing] ownership over 'www.pfq.com'" and being listed in on-line WHOIS records as the domain name's administrative contact, pleadings are not evidence. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995).[1] In the absence of any evidence in the record supporting her entitlement to relief, we cannot conclude that the trial court abused its discretion in denying Kim's petition.[2]

---

[1] Because the record is silent regarding the facts surrounding the domain-name registration periods, we make no determination about the applicable statute of limitations or other questions of law raised by the parties.

[2] We also note that enforcement procedures under the Family Code are permissive in nature, not mandatory. *See Chavez v. McNeely*, 287 S.W.3d 840, 844 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (noting use of "may" in Family Code section 9.001—"a party affected by a divorce decree . . . may request enforcement of that decree"—and also that the section does not provide exclusive jurisdiction over enforcement actions).

We overrule Kim's sole issue and affirm the trial court's final order denying her petition for enforcement.[3]

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   December 10, 2015

---

[3] We stress that our holding is based on the lack of evidence presented by Kim Blackston Clogston and is not to be interpreted as approval, tacit or otherwise, of a legal conclusion that a domain name is distinct from a web site, that the divorce decree in this case granted both parties the right to continue using the domain name, or that a domain name is tangible personal property.