

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-16-00130-CV
_____

IN THE ESTATE OF THOMAS DWAYNE ERWIN, DECEASED

On Appeal from the County Court of Law No. 2
Randall County, Texas
Trial Court No. 2015-210-P; Honorable Ronnie Walker, Presiding

January 18, 2018

MEMORANDUM OPINION

Before QUINN, C.J., AND CAMPBELL AND PIRTLE, JJ.

Appellant, Eric J. Pullen, appeals from an award of $850 in attorney ad litem fees for his representation of the interests of heirs whose names or locations were unknown in this estate proceeding. On appeal, Pullen asserts the trial court abused its discretion by: (1) failing to award $1,399.12 in attorney ad litem fees in accordance with an agreement that purportedly complied with Rule 11 of the Texas Rules of Civil Procedure,

TEX. R. CIV. P. 11,[1] and (2) reducing his attorney ad litem fees without following or applying any known standard for awarding attorney's fees. We affirm.

BACKGROUND

In May 2015, Thomas Erwin passed intestate leaving behind a sister, Toni Chapman, and two sons, Travis Dwayne Erwin and Michael Scott Erwin. On June 10, 2015, Chapman filed an *Application for Letters of Administration*, and on June 30, 2015, Travis filed an *Application for Independent Administration Pursuant to Texas* [Estate] *Code § 401.003, or, in the Alternative, for Dependent Administration and Application to Declare Heirship.* At the same time, Travis also filed a *Motion for Appointment of Attorney Ad Litem* pursuant to the applicable provisions of the Texas Estates Code.[2] On July 1, 2015, Pullen was appointed attorney ad litem and he subsequently filed an original answer. On July 22, 2015, the proceeding was transferred from the Randall County Court to the Randall County Court at Law Number 2.

In September 2015, Pullen filed a report indicating Thomas had two children by marriage who survived him, Michael (forty-eight years of age) and Travis (forty-two years of age). In his report, he represented that he had contacted two independent witnesses who confirmed these facts of heirship.

On January 13, 2016, a pretrial hearing was held. At the hearing, it appeared Erwin's estate contained approximately $30,000 in real estate and personal property. The primary issue was whether the estate should reimburse Chapman for the full amount due

---

[1] Throughout the remainder of this memorandum opinion, we will refer to Rule 11 of the Texas Rules of Civil Procedure simply as "Rule 11."

[2] *See* TEX. EST. CODE ANN. § 202.009 (West 2014). *See also id.* at § 53.104(a).

2

on her brother's funeral or a lesser amount.  The court referred the parties to mediation where they subsequently settled their differences.

Regarding Pullen's ad litem appointment, the following exchange occurred between the trial court and Pullen:

> COURT:  Now the ad litem, Mr. Pullen, do you really have a role here?  There's no question about unknown heirs, is there?
>
> PULLEN:  Correct, Your Honor.
>
> COURT:  So you really shouldn't even be involved, should you?
>
> PULLEN:  Correct, Your Honor.
>
> COURT:  Would you like me to sign an order terminating?
>
> PULLEN:  Yes, Your Honor.
>
>              *                      *                      *
>
> COURT:  I understand the Court appointed you.  I'm just inquiring.  Okay.  Alright.  So have you submitted a bill?
>
> PULLEN:  No, Your Honor.
>
> COURT:  All right.  So why don't you do that.  See if the lawyers will agree to the amount, and *submit that to me*, with an order terminating your ad litem responsibility.

(Emphasis added).

In January 2016, Pullen submitted his *Application to Pay Attorney Ad Litem Fees* requesting that he be awarded $1,399.12 (6.2 hours at $225 per hour and $4.12 for expenses/reimbursements).  Attached to his *Application* was an exhibit containing dates, descriptions of services, length of services in hourly increments, and amounts charged such as "7/7/2015 Reviewed court documents, 0.30, [$]67.50" and "7/27/2015 Teleconference with D. Bradley, 0.20, [$]45.00."

On February 10, a hearing on Pullen's *Application* was held and the trial court subsequently issued an *Order Approving Attorney's Fees Filed and Executed February 10, 2016*, wherein the court inked through Pullen's figure of $1,399.12 and handwrote "$850 (RW)." Thereafter, Pullen filed an *Attorney Ad Litem Motion to Reform Judgment Pursuant to 329b, Motion to Vacate February 10, 2016 Order Approving Attorney's Fees Issued by Court, and Motion to Enforce Rule 11 Agreement Order Approving Attorney's Fees*.

On March 1, Pullen filed a *Notice of Filing of Rule 11 Agreement* with a proposed *Order Approving Attorney's Fees* attached. The proposed *Order* was signed by the attorneys for the parties-in-chief who indicated they agreed to the entry of an order awarding Pullen $1,399.12 in attorney ad litem fees.

At a hearing on March 11, the trial court orally granted Pullen's *Motion* in part and offered him the opportunity to put on evidence related to his *Application.* Pullen offered his previous *Application* and exhibit. In support of his *Motion*, Pullen's counsel primarily asserted that Pullen was entitled to $1,399.12 in fees because attorneys for the parties-in-chief had signed a Rule 11 agreement in the form of a court order wherein they agreed the estate would pay Pullen $1,399.12 in fees. The trial court cited its power to oversee attorney's fee awards and evaluated whether Pullen's fees were reasonable, necessary, rendered in good faith, and within the trial court's discretionary authority. In its order filed April 1, the trial court granted that portion of Pullen's motion seeking the opportunity to put on evidence at the hearing, affirmed its previous order of February 10, 2016, awarded $850 in attorney ad litem fees to Pullen to be taxed as costs to the estate, and discharged Pullen as attorney ad litem. This appeal followed.

4

The Texas Estate Code provides for the appointment of "an attorney ad litem in a proceeding to declare heirship to represent the interests of heirs whose names or locations are unknown." *See* TEX. EST. CODE ANN. § 202.009(a) (West 2014). *See also id.* at § 53.104(a). Such an attorney ad litem is "entitled to reasonable compensation for services provided in the amount *set by the court.*" *Id.* at § 53.104(b) (emphasis added).

The determination of the proper award for attorney ad litem fees is within the sound discretion of the trial court. *Alford v. Whaley*, 794 S.W.2d 920, 924-25 (Tex. App.—Houston [1st Dist.] 1990, no writ). An "appellate court may reverse a trial court for abuse of discretion only if, after searching the record, it is clear the trial court's decision was arbitrary and unreasonable." *City of Houston v. Woods*, 138 S.W.3d 574, 580 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987)). Further, "the party complaining of an abuse of discretion bears the burden of bringing forth the record showing such abuse; in the absence of the record, the reviewing court must assume the evidence before the trial court was adequate to support the decision." *Id.*

In general, the reasonableness and necessity of attorney's fees, the recovery of which is authorized by statute, are fact questions; *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998), and "[w]ith regard to fact questions, the abuse-of-discretion standard is more akin to a clear-error standard." *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016). Thus, when the resolution of factual issues or matters are committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court and the party with the burden of proof "must establish that the trial court could

reasonably have reached only one decision." *In re Caballero*, 441 S.W.3d 562, 572 (Tex. App.—El Paso 2014, orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

The reasonableness of attorney ad litem fees is controlled by the same factors used to determine whether attorney's fees are reasonable in general. *Alford*, 794 S.W.2d at 925 (citing *Simon*, 739 S.W.2d at 794). These factors are: (1) the time and labor involved; (2) the nature and complexities of the case; (3) the amount of money or the value of the property or interest involved; (4) the extent of the responsibilities assumed by the attorney; (5) whether other employment is lost by the attorney because of the undertaking; (6) the benefits resulting to the client from the services; (7) the contingency or certainty of compensation; and (8) whether the employment is casual or for an established or constant client. *Id.* (citing *Nguyen Ngoc Giao v. Smith & Lamm, P.C.*, 714 S.W.2d 144, 148-49 (Tex. App.—Houston [1st Dist.] 1986, no writ)).

ANALYSIS

Pullen asserts the trial court abused its discretion by failing to enter an order awarding ad litem fees of $1,399.12 in accordance with an agreement that purportedly complied with Rule 11. Alternatively, he contends the trial court reduced his fees without following or applying any known standard for awarding attorney's fees.

In effect, Pullen asks this court to ignore the plain language of the applicable statute; TEX. EST. CODE ANN. § 53.104(b) (West 2014), and allow the parties to decide what is reasonable for attorney ad litem fees in an estate proceeding. This we cannot do. The statute plainly states that the compensation for an attorney ad litem will be "set by

6

the court"; *id.,* and in construing statutes, we must ascertain and give effect to the Legislature's intent as expressed by the plain language of the statute. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Nowhere does the applicable statute indicate that attorney ad litem fees may be set by agreement of the parties or a Rule 11 agreement; *see* TEX. EST. CODE ANN. § 53.104(b) (West 2014), and Rule 11 does not contain any language that would trump that section.[3] *See* Rule 11.

Assuming without deciding that the agreement here complied with Rule 11, however, we would also be required to find that the agreement obligated the trial court to perform "a ministerial duty" before the agreement would necessitate enforcement by the trial court. *Scott-Richter v. Taffarello*, 186 S.W.3d 182, 190-91 (Tex. App.—Fort Worth 2006, pet. denied) (citing *ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 309 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)). A ministerial duty is one that exists "where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of the discretion or judgment . . . but where the act to be done involves the exercise of discretion or judgment, it is not to be deemed merely ministerial." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1993) (quoting *Rains v. Simpson*, 50 Tex. 495, 501 (1878)). The trial court's duty here was not ministerial as Pullen suggests because the trial court was required to exercise its discretion in setting and approving an award of fees to the attorney ad litem. *Id.*

---

[3] Rule 11 states that, "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered in writing." TEX. R. CIV. P. 11.

Accordingly, having reviewed the record, we find that the trial court properly considered whether Pullen's fee request was reasonable and, in its discretion, awarded $850. We also find the trial court did not abuse its discretion in determining the fee award. Pullen's issues one and two are overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice