**Affirmed and Memorandum Opinion filed November 26, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00836-CV

---

## WILLIAM DEXTER LUCAS, Appellant

## V.

## DONALD RAY SAVAGE AND RAHSAAN K. KING, Appellees

---

**On Appeal from the County Court at Law No. 4**
**Fort Bend County, Texas**
**Trial Court Cause No. 14-CCV-053073**

---

## M E M O R A N D U M   O P I N I O N

Appellant William Dexter Lucas challenges the trial court's denial of his summary judgment motions and his application for injunctive relief. First, we lack jurisdiction to consider his challenges to the denial of his summary-judgment motions. Second, Lucas has not established the trial court abused its discretion in denying his application for injunctive relief. Without considering Lucas's issues over which we lack jurisdiction, we affirm the portion of the trial court's order denying Lucas's application for injunctive relief.

**Background**

Donald Ray Savage and Rahsaan K. King sued Lucas and Brian Michael Corpian in probate court following the death of Brian's mother, Diane Corpian. Savage and King alleged that (1) Savage was Diane's common law spouse, (2) Lucas and Brian wrongfully controlled Diane's estate, depriving Savage of community property rights, (3) Lucas falsely claimed he was married to Diane at the time of her death, (4) Lucas and Brian slandered them, and (5) Lucas and Brian threatened them. Savage and King sought a declaration that Savage was Diane's common law spouse at the time of her death and damages for civil conspiracy, fraud, intentional infliction of emotion distress, and assault. The trial court, on its own motion, transferred the case from the probate docket to civil proceedings. Lucas filed an answer and counterclaim, alleging that Savage and King stole assets, including jewelry, cash, and a vehicle, from Diane's estate and that Lucas had a lawful community property interest in those assets. Lucas sought a declaration that he was Diane's legal spouse at the time of her death and damages for conspiracy and intentional infliction of emotional distress.

Lucas filed traditional and no evidence motions for summary judgment, as well as an "application for an emergency ex parte injunctive relief order." In his application for injunctive relief, Lucas averred that Savage and King had stolen personal property—jewelry, cash, and an automobile—from Lucas and Brian. Lucas alleged that the property belonged to Diane, to whom Lucas claimed to have been married at the time of her death. Lucas requested that the trial court enter an "injunctive order" requiring Savage and King

> to provide the Defendants [Lucas and Brian] and this court an accurate documentary inventory, accounting for a bond in the amount of $600,000.00 (estimated value of corporeal personal property) to assure that should the Defendants prevail in the above-styled cause, they will

be adequately protected from irreparable harm from the Plaintiffs['] depriving the Defendants of their legal enjoyment and economic value of the said corporeal personal property and automobile.

After a hearing, the trial court signed an order denying Lucas's motions for summary judgment and application for injunctive relief.

Lucas timely noticed an interlocutory appeal from the order.

## Jurisdiction

We begin by addressing our jurisdiction, which we must do even if not raised by the parties. *E.g.*, *State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018) ("[W]e must consider issues affecting our jurisdiction sua sponte."). Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders, such as the one Lucas appeals, are appealable only if permitted by statute. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). The denial of a motion for summary judgment is not a final judgment and ordinarily is not appealable. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996); *see also Reule v. M & T Mortg.*, 483 S.W.3d 600, 612 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

Lucas is proceeding without attorney representation on appeal. We construe his relief liberally to reach his appellate issues on the merits, when possible.[1] *See Perry v. Cohen*, 272 S.W.3d 575, 587 (Tex. 2008). The bulk of Lucas's appellate arguments attack the trial court's denial of his summary judgment motion. He contends:

- The trial court erred in not finding that appellee's claim that Lucas has used the names Wade Lucas and Tyger Lucas and that Lucas is a "bona fide fraud" is conclusory and inflamatory [sic]

---

[1] Still, unrepresented litigants like Lucas are held to the same standards as licensed attorneys and must comply with all applicable procedural rules. *Reule*, 483 S.W.3d at 608.

and was insufficient as a matter of law to overcome summary judgments and application for emergency ex-parte injunctive relief.[2]

- Trial court erred in not finding that appellant Lucas' marital history prior to the date of decedent's death is immaterial in support of appellee's meritless claims before the trial court.

- Trial court erred in not finding that appellee's claim of Savage's common law marriage to the decedent is not supported by any summary judgment evidence and or court record that would raise a material fact in this matter and or defeat summary judgment.

- The trial court erred in not finding that the appellees' claims that appellant's motion and application are conclusory and based on requests for admissions never propounded on appellees pursuant to [Texas Rule of Civil Procedure] 21a is meritless.

- The trial court erred in not finding that appellees' claim that the appellants have not satisfied their burden under Texas Rule of Civil Procedure 166a(c) is without merit.

Because these issues challenge the trial court's denial of his summary judgment motion, we do not consider them. *See Reule*, 483 S.W.3d at 612.

However, Lucas also challenges the trial court's denial of his request for injunctive relief: "Trial court erred in finding that [Lucas]'s application for an ex-parte injunctive relief order against [Savage and King] is a probate matter is contrary to established law."[3] We construe this as a complaint that the trial court improperly denied Lucas's application for injunctive relief because the court determined that the issues raised by Lucas should be brought in probate court. A party may appeal from

---

[2] Although this issue mentions Lucas's application for injunctive relief, Lucas's arguments within this issue have nothing to do with Lucas's application.

[3] It is not entirely clear whether Lucas sought a temporary restraining order ("TRO") or a temporary injunction. He labeled his application as one seeking "emergency ex parte injunctive relief," which would appear to be a request for a TRO. However, Lucas sought a hearing and notified the opposing parties of his request for injunctive relief, so he was not seeking ex parte emergency relief. We construe his application as one seeking a temporary injunction.

an interlocutory order that "grants or refuses a temporary injunction. . . ." Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). Thus, we have jurisdiction to consider only this issue on interlocutory appeal. *See id.*

## Injunctive Relief

A temporary injunction preserves the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (op. on reh'g). To obtain a temporary injunction, the applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* A trial court has broad discretion to grant or deny a request for a temporary injunction, and we will not reverse its ruling absent a clear abuse of discretion. *Washington DC Party Shuttle, LLC v. IGuide Tours*, 406 S.W.3d 723, 740 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (en banc). We may not substitute our judgment for the trial court's unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.*

As explained above, Lucas asserts that the trial court denied his application because the judge purportedly believed the relief he sought was more appropriate for a probate action. But the order denying Lucas's application makes no reference to the basis for the denial, and we have no record from the hearing on Lucas's application for injunctive relief. The trial court may have denied Lucas's application for any number of reasons, including that Lucas failed to establish one or more of the required elements for injunctive relief. In Lucas's application for injunctive relief, he does not make the required showing to obtain the "extraordinary remedy" of a temporary injunction because his application does not address all necessary elements. *See Butnaru*, 84 S.W.3d at 204. Moreover, because we lack a reporter's record from the hearing on Lucas's application, we have no way of determining

5

whether Lucas met his burden of proving a likelihood of success on the merits or that he would be irreparably harmed should a temporary injunction not issue. It was Lucas's burden as the appellant to furnish this court with a record supporting his allegations of error. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987) (finding that appellant had the burden of presenting a sufficient record to establish that the trial court abused its discretion). Absent a complete record of the hearing showing that the trial court abused its discretion in denying Lucas's application for injunctive relief, we must presume that the record supports the trial court's order. *See Dowell v. Theken Spine, L.L.C.*, No. 14-07-00887-CV, 2009 WL 1677844, at *4 (Tex. App.—Houston [14th Dist.] June 2, 2009, no pet.) (mem. op.) (holding that appellant failed to demonstrate that trial court abused its discretion when appellant did not present record of hearing).

In short, our record does not reflect that Lucas established his entitlement to a temporary injunction. Lucas has not demonstrated on appeal that the trial court abused its discretion in denying his application for injunctive relief.

Accordingly, we overrule Lucas's challenge to the trial court's denial of his application for injunctive relief. Without considering those issues relating to the denial of Lucas's summary judgment motions over which we lack jurisdiction, we affirm the denial of Lucas's application for injunctive relief.


/s/      Kevin Jewell
           Justice


Panel consists of Justices Wise, Jewell, and Poissant.

6