

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00824-CV

**IN THE GUARDIANSHIP OF GEORGE V. GARCIA**, an Incapacitated Person

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2015PB6000016 L2
Honorable Jesus Garza, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  April 26, 2017

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Appellant Fred Vincent Garcia Norris challenges several orders approving payment of fees to the attorney ad litem and guardian ad litem/guardian of the person in the underlying contested guardianship case. We reverse the November 23, 2015 order as well as the two orders dated December 11, 2015 as they pertain to the fees awarded to Mary G. Capello and remand the case to the trial court for further proceedings. In all other respects, we affirm the judgments of the trial court.

### BACKGROUND

On February 17, 2015, Cynthia Garcia filed an "Application for Appointment of Permanent Guardian of the Person and Estate" seeking to be appointed guardian of the person and estate of

her father, 82-year-old Dr. George V. Garcia.[1] Dr. Garcia was diagnosed with advanced Alzheimer's disease a year prior to the filing. The same day, Cynthia also filed a "Motion for Appointment of Attorney Ad Litem" seeking the appointment of an attorney ad litem for her father.

On March 3, 2015, the trial court signed an order appointing Julio Arnoldo Garcia, Jr. as attorney ad litem to represent Dr. Garcia in connection with Cynthia's guardianship application. Attorney ad litem Garcia subsequently filed three applications for ad litem fees. On May 12, 2015, he filed an "Amended Application for Interim Attorney Ad-Litem Fees" pursuant to sections 34A and 665A of the Probate Code.[2] Garcia requested $12,000 in compensation for the over 40 hours ($300/hour) he had spent working on the case since his appointment on March 3, 2015. On May 19, 2015, the trial court signed an order approving the entire amount of fees requested. On June 29, 2015, attorney ad litem Garcia filed an "Application for Interim Attorney Ad-Litem Fees" pursuant to sections 34A and 665A of the Probate Code. Garcia requested $7,620 in compensation for the over 25.4 hours ($300/hour) he had spent working on the case from May 12, 2015 through June 26, 2015. The trial court signed an order approving the fees in their entirety on June 8, 2015. On November 24, 2015, Julio Garcia filed an "Application for Interim Attorney Ad-Litem Fees and Reimbursement of Court Costs and Filing Fees" seeking $23,250 for work performed from June 27, 2015 through November 23, 2015, as well as reimbursement of court costs and filing fees of $114.21. The trial court granted the third application for fees and signed an order awarding Garcia the entire amount of fees and expenses requested on December 11, 2015.

Norris filed a motion requesting the temporary appointment of a guardian of the person of Dr. Garcia. At a motions hearing held on May 12, 2015, the trial court stated on the record that it

---

[1] Since the filing of this appeal, appellees have advised the court that Dr. Garcia has passed away.

[2] Effective January 1, 2014, the Texas Probate Code was repealed and recodified as the Texas Estates Code. *See* Acts 2009, 81st Leg., R.S. ch. 680 §§ 1-12 Tex. Gen. Laws 1512, 1512-1735.

was appointing Mary Capello "guardian of the person of Dr. Garcia." Although unclear, on May 15, 2015, the trial court signed an order appointing Mary Capello as "guardian ad litem of the person" for Dr. Garcia and set a bond. Within days of the order, Capello took the Oath of Guardian, swearing to "discharge faithfully the duties of Guardian of the Person" and paid a bond as "Guardian of the Person" in the amount of $1,000. *See* TEX. EST. CODE ANN. §§ 1105.051(a), 1105.101(a) (West 2014). In a subsequent order signed on November 23, 2015, the trial court referred to Capello as "Guardian ad litem of the person/guardian of the person." It thus appears that Capello served a dual role as both guardian of the person and guardian ad litem.

On June 5, 2015, Capello filed an application for fees under section 645(b) of the Probate Code requesting $9,477.50 in compensation for the time she and her legal assistant had spent working on the case. Her hourly rate was $275.00 "for guardianship services" and $40/hour for work performed by her staff. Attached to the motion was an itemized statement of services and fees; the services performed by Capello included: reviewing pleadings filed by the litigants; reviewing records and reports; meeting with the proposed ward's physicians; accompanying the proposed ward to the hospital in emergencies; participating in weekly out-of-court visits with the proposed ward and two of the litigants; and telephonic meetings with the litigants, the proposed ward's physician, caretakers, members of his immediate family, and other relevant witnesses. The trial court signed an order approving the fees in their entirety.

On July 23, 2015, Capello filed a "Motion for Guardian of the Person Fees" pursuant to section 645(b) of the Probate Code. She requested $10,725 in compensation for the over 40 hours ($275/hour for her legal work as an attorney and $40/hour for work performed by her staff) she and her staff had spent working on the case since June 6, 2015. Attached to the motion was a sworn statement of services and fees; the services included:

- Supervising visits between incapacitated person and sons;
- Attending scheduled medical appointments with proposed ward;
- Scheduling medical appointments for incapacitated person;
- Third-party medical consultation meetings;
- Directing the caretakers to create daily notes of the proposed ward's progress and activities;
- Collecting, reviewing, and transcribing caretaker's notes of proposed ward's progress and activities;
- Reviewing pleadings filed by the litigants;
- Amending motions; and
- Emailing and e-filing motions.

The trial court signed an order approving the entire fee amount requested by Capello.

Norris then filed motions objecting to the fees sought by Garcia and Capello. Norris asked that both Garcia and Capello be discharged and replaced. A hearing was held on Norris's motions on October 1, 2015, but the reporter's record was not filed in our court. On October 23, 2015, the trial court signed an order finding that the appointment of the ad litems and guardian of the person was necessary and that the fees already paid to the ad litems and guardian of the person were reasonable, necessary, and consistent with the fees charged by other attorneys for similar work and with similar experience in Webb County. The trial court denied Norris's request to reevaluate fees already paid and to reduce or disgorge any of the fees paid to Garcia and Capello and ordered fees already paid to stand; the trial court further refused to discharge or replace Garcia or Capello. In the order, the trial court found that appointment of Capello "as Guardian Ad Litem for the Proposed Ward and now Guardian of the Person was, and continues to be necessary, and that prior to her appointment (which was recommend by one of the Respondents), there was no objection from any counsel of record as to her appointment." The trial court further found that Capello had "performed all of the duties of a Guardian Ad Litem of the Person of the Proposed Ward and in the capacity of a Guardian of the Person in accordance with the Texas Estates Code and has acted in the best interest of the Proposed Ward."

On December 1, 2015, Capello filed two separate fee applications.[3] Both were titled "Application for Guardian of the Person Fees" pursuant to sections 601 and 665 of the Probate Code. The first application requested $11,297 for work performed from July 20, 2015 through September 30, 2015 in connection with her "dual representation" as both a personal representative and an attorney. Capello stated that her rate for legal work was $225 an hour, her rate for "fiduciary (doctor visits)" was $150 per hour, and her rate for "other fiduciary work and/or services (non-medical and non-legal)" was $100 per hour. The application was accompanied by Capello's affidavit and an "Itemized Statement of Work By Guardian of the Person." The second application requested $10,990 for work performed from October 1, 2015 through November 21, 2015 in connection with her "dual representation" as both a personal representative and an attorney. Capello stated that her rate for legal work was $225 an hour, her rate for "fiduciary (doctor visits)" was $150 per hour, and her rate for "other fiduciary work and/or services (non-medical and non-legal)" was $100 per hour. The application was accompanied by Capello's affidavit and an "Itemized Statement of Work By Guardian of the Person."

Norris filed an objection to both of Capello's applications for payment of fees. A hearing on the applications was set for December 9, 2015; the parties agree that a hearing was held, but a reporter's record of the hearing was not filed in this court.

On December 11, 2015, the trial court signed an order approving guardian of the person fees to be paid to Capello in the amount of $11,297. The same day, the trial court signed a second order approving guardian of the person fees to be paid to Capello in the amount of $10,990.[4]

---

[3] Both of Capello's applications filed on December 1, 2015 are file-stamped at 5:04:09 PM and are identical save for the attached itemized statement of work.

[4] Both of the orders awarding guardian ad litem fees erroneously recite that they were "heard" on December 11, 2015.

On December 23, 2015, Norris filed his amended notice of appeal.[5] The amended notice of appeal states that Norris is appealing:

(1) the November 23, 2015 order regarding the October 1, 2015 hearing finding that payment of fees to Garcia in the amount of $19,260 and to Capello in the amount of $20,202.50 was reasonable and necessary and refusing to terminate and replace Garcia and Capello;
(2) the December 11, 2015 order regarding the December 9, 2015 hearing which approved payment of $23,250 in fees to Garcia;
(3) the two orders dated December 11, 2015 regarding the December 9, 2015 hearing which approved payment of $11,297 and $10,990 in fees to Capello; and
(4) the December 15, 2015 order approving attorney's fees for Cynthia's two attorneys.[6]

## DISCUSSION

In ten issues on appeal, Norris argues the trial court abused its discretion in approving and awarding the payment of attorney ad litem and guardian of the person (or guardian ad litem) fees and in not terminating and replacing the appointed attorney ad litem and guardian of the person (or guardian ad litem). He contends the fees paid were illegal, excessive, and duplicitous in violation of the Texas Estates Code.[7] He specifically complains that the trial court abused its discretion in approving payment of fees that: were for services beyond the scope of each respective attorney's appointment; were paid at an attorney's rate instead of at a "fiduciary's rate;" paid the appointed attorneys for unnecessary work; reimbursed the appointed attorneys for unnecessary

---

[5] A party has the right to appeal any "final order" in a guardianship proceeding. TEX. EST. CODE ANN. § 1022.001(c) (West 2014). A probate court order is final if it disposes of "all parties or issues in a particular phase of the proceedings." *De Ayala v. Mackie*, 193 S.W.3d 575, 579 (Tex. 2006). "[I]f there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of," the order is not final. *Id.* at 578; *In re Guardianship of Conis*, No. 12-14-00218-CV, 2014 WL 4922643, at *1 (Tex. App.—Tyler Sept. 30, 2014, no pet.) (mem. op.).

[6] Even though Norris states he is also appealing the order granting attorney's fees, his brief raises no complaints regarding said order. All ten of his appellate issues relate to the appointment of and fees awarded to the attorney ad litem and guardian of the person/guardian ad litem.

[7] Effective January 1, 2014, the Texas Probate Code was repealed and recodified as the Texas Estates Code. *See* Acts 2009, 81st Leg., R.S. ch. 680 §§ 1-12 Tex. Gen. Laws 1512, 1512-1735.

expenses; reimbursed the appointed attorneys for expenses beyond the reasonable fair market value of such expenses; and paid the appointed attorneys at an attorney fee rate for attorneys board certified in probate law instead of for attorney fee rates for non-board certified attorneys.

We begin by addressing the appellees' response on appeal, which is that Norris has waived all appellate complaints by failing to present a proper appellate record. Norris did not file the reporter's records from the October 1, 2015 and December 9, 2015 hearings concerning the fees paid to Garcia and Capello. We agree that normally, the appellant must bring a complete record in order for us to review a trial court's award of ad litem fees. *See Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987) (burden on appellant to bring record showing error requiring reversal); *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex. 1987) (noting that, generally, in absence of reporter's record, it must be presumed that sufficient evidence was introduced to support court's judgment); *Marion v. Davis*, 106 S.W.3d 860, 869 (Tex. App.—Dallas 2003, pet. denied) (same); *Favaloro v. Comm'n for Lawyer Discipline*, 13 S.W.3d 831, 840 (Tex. App.—Dallas 2000, no pet.) (noting that points of error dependent on the state of the evidence cannot be reviewed without complete record and holding that appellant waived review by failing to bring complete record for review of trial court's award of attorney's fees). Hence, we are unable to conclude that the trial court abused its discretion in overruling Norris's objections to the appointments of Garcia and Capello and in declining to terminate and replace Garcia and Capello. Because adequate evidence could have been admitted at the October 1, 2015 hearing to justify the trial court's denial of Norris's motion to discharge and replace Garcia and Capello, we will not second-guess the trial court's decision on that matter. *See Simon*, 739 S.W.2d at 795 (absent a sufficient record, we must presume that the record contains evidence to support a judgment). Similarly, a reporter's record is necessary to determine whether the trial court abused

its discretion in awarding attorney ad litem fees to Garcia.  *See id.*  We thus overrule issues seven through ten on appeal as well as Norris's issues complaining of fees awarded to Garcia.

However, we do not believe that Norris's appeal is doomed by the lack of a reporter's record as it concerns the amount of fees awarded to Capello.  Capello submitted four verified fee applications.  We have reviewed the fee applications included in the clerk's record.  In each instance, the trial court granted the application in its entirety and awarded the full amount of fees requested without deviation.  Many of the entries request payment for services as a guardian of the person.  Because the Estates Code limits the fees that may be paid to guardians of a person, we conclude as a matter of law that Capello is not entitled to some of the fees sought.

In a guardianship proceeding, the court may appoint a guardian ad litem to represent the interests of an incapacitated person in a guardianship proceeding.  TEX. EST. CODE ANN. § 1054.051 (West 2014).  A guardian ad litem is entitled to reasonable compensation for services provided in the amount set by the court, to be taxed as costs in the proceeding.  *Id.* § 1054.055(a) (West 2014).  Additionally, a guardian of the person for an incapacitated person may be appointed pursuant to Chapter 1101.  *Id.* § 1101.001 (West Supp. 2016).  An order appointing a guardian must specify whether the guardian is of the person or estate of the ward, or both.  *Id.* § 1101.153(a)(3) (West Supp. 2016).  The order must also specify the amount of the bond required. *Id.* § 1101.153(a)(4).  "The court may authorize compensation for a guardian serving as a guardian of the person . . . . in an amount not to exceed five percent of the ward's gross income."  *Id.* § 1155.002(a) (West 2014).

Here, it appears that Capello acted as both guardian of the person and guardian ad litem. An attorney may provide legal services while serving as a guardian of the person, but the attorney may not charge her hourly legal rate while performing the duties of a guardian.  Section 1155.052 of the Estates Code provides:

(a) Notwithstanding any other provision of this chapter, an attorney who serves as guardian and who also provides legal services in connection with the guardianship is not entitled to compensation for the guardianship services or payment of attorney's fees for the legal services from the ward's estate or other funds available for that purpose unless the attorney files with the court a detailed description of the services performed that identifies which of the services provided were guardianship services and which were legal services.

(b) An attorney described by Subsection (a) is not entitled to payment of attorney's fees for guardianship services that are not legal services.

(c) The court shall set the compensation of an attorney described by Subsection (a) for the performance of guardianship services in accordance with Subchapter A. The court shall set attorney's fees for an attorney described by Subsection (a) for legal services provided in accordance with Sections 1155.054, 1155.101, and 1155.151.

*Id.* § 1155.052 (West 2014) (footnote omitted).

A review of Capello's fee applications reveals entries where she clearly billed her hourly attorney rate for work performed as guardian of the person. For instance, in her first fee application, Capello did not separate her legal work and guardianship work pursuant to section 1155.052(a), but instead charged an hourly rate of $275 for **all** work performed, including, "meeting with the proposed ward's physicians [and] accompanying proposed ward to hospital in emergencies." Her second application for fees did not even contain an itemization of services performed, but merely stated that she had performed over 40 hours of work for "guardianship services," again at a rate of $275 an hour. The work performed included scheduling and attending medical appointments for Dr. Garcia; such work clearly does not constitute providing legal services. Because Capello did not separate her legal work from her work as guardian of the person as required by section 1155.052, and because Capello was paid fees for serving as guardian of the person beyond the percentage allowed by section 1155.002(a), we conclude the trial court erred in approving Capello's fee applications in their entirety. *See id.* § 1155.052(c) (court shall set the compensation for an attorney serving as guardian of the person in accordance with section

1155.002(a)); *id*. § 1155.002(a) (compensation for guardian of the person may not exceed five percent of the ward's gross income); *see also Goodyear Dunlop Tires N. Am., Ltd. v. Gamez*, 151 S.W.3d 574, 584-85 (Tex. App.—San Antonio 2004, no pet.) (holding that when guardian ad litem engages in work beyond the scope of the ad litem's role, such work is non-compensable).

Although we have provided these specific examples of work that should not have been compensated at an attorney rate, these examples are not all-inclusive. On remand, the trial court should reconsider all four of Capello's fee applications in light of sections 1155.052 and 1155.002. *See Jocson v. Crabb*, 133 S.W.3d 268, 270-71 (Tex. 2004); *City of Houston v. Woods*, 138 S.W.3d 574, 579-80 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Norris's issues concerning the amount of fees awarded to Capello are sustained.

## CONCLUSION

Based on the record before us, we conclude that as a matter of law Capello is not entitled to be paid legal fees for work performed as guardian of the person. Thus, the trial court erred in approving the four fee applications submitted by Capello. Accordingly, we reverse the trial court's judgments signed on November 23, 2015 and December 11, 2015 awarding a total of $42,459.50 in guardian of the person/guardian ad litem fees to Mary G. Capello and remand for further proceedings and re-calculation of the fees in a manner consistent with this opinion. The trial court's judgments are affirmed in all other respects.

Rebeca C. Martinez, Justice